# Central of Ga Ry. Co. *v.* Champion.

*Bill to Abate Continuing Nuisance, and for Damage.*

(Decided Dec. 1, 1910.   53 South. 996.)

1. *Water and Watercourses; Nuisance; Action; Damages.*—A nuisance created by the closing of a railroad trestle causing the stream to overflow complainant's land, destroying the timber thereon, decreasing their rental value and affecting the comfort and convenience of complainant's home, etc., was continuous in its nature, and complainant may recover all damages accruing up to the commencement of the suit, not barred by the statute.

2. *Same; Damages; Recovery.*—The damages recoverable for maintaining a continuing nuisance by overflowing lands, may include injury to health as well as to the property, crops, etc.

3. *Appeal and Error; Finding of Register; Conclusiveness.*—The finding of a register in chancery will not be disturbed on appeal.

APPEAL from Shelby Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by S. Z. T. Champion against the Central of Georgia Railway Company to abate a contiuing nuisance, and for damages.   Decree for complainant and respondent appeals.   Affirmed.

LONDON & FITTS. for appellant.   Counsel insist that under the facts in this case the damages awarded were too great and that the cause should be reversed and remanded.   As to the measure of damages, we cite, Sedgwick on Dam., Sec. 942.

SAM WILL JOHN, for appellee.   The equity of the bill was declared on a former appeal.—*C. of G. v. Champion,* 160 Ala. 517.   Where the evidence was taken before the register and is conflicting, his finding therefrom are conclusive, and will not de disturbed on appeal.—*Woodrow, v. Hawving,* 105 Ala. 240; *Mahone v.*

[Central of Ga. Ry. Co. v. Champion.]

*Williams,* 39 Ala. 202; *Jones v. White,* 112 Ala. 451; *Harper v. Raison F. Co.,* 148 Ala. 362; *York v. The State,* 154 Ala. 61.

SIMPSON, J.—The original bill in this case was filed to abate a continuing nuisance, and to recover damages therefor; said nuisance consisting of the closing of a trestle, thereby causing the lands of complainant to be overflowed, resulting in the destruction of the rental value of the lands, the destruction of timber, the damage which would result from the condition of the land being so affected that it would require time and money to place it back into cultivation, and in the noxious smells, produced by the overflowing waters, affecting the comfort of complainant's home and the health of himself and family.

This case was before this court at a previous term, and the equity of the bill was sustained, and the complainant held to be entitled to such damages as he has sustained.—*Central of Georgia Railway v. Champion,* 160 Ala. 517, 49 South. 415. The appeal is now from the decree on the report of the register, and the points insisted upon by the appellant are that the evidence before the register does not show that the complainant has sustained the amount of damages found, from loss of rents, within one year before the commencement of this action, partly because the land was already overflowed and rendered worthless, and partly because the value of the rents, as testified to, does not reach that amount.

In the first place, the nuisance in this case being a continuing nuisance, "the plaintiff can recover all damages, not barred by the statute, accruing up to the commencement of the suit."—*Whaley v. Wilson,* 112 Ala. 627, 632, 20 South. 922; 29 Cyc. 2161. The damages in such case include injury to health, as well as injury to

property, crops, trees, and decrease in rental value, etc. —29 Cyc. 1194, 1275.

In this case the evidence before the register was conflicting, and according to the principles established by this court, in regard to the findings of the register, we cannot say that his finding was not sustained by the evidence.—*Jones v. White,* 112 Ala. 451, 20 South. 527; *Harper v. Raisin Fert. Co.,* 148 Ala. 362, 42 South. 550; *York v. State,* 154 Ala. 61, 45 South. 893; *Ramey v. People's Grocery Company,* 108 Ala. 479, 18 South. 805.

The decree of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.