# Bigbee Fertilizer Company *v*. Scott.

## *Damage to Crop.*

(Decided Feb. 8, 1912. Rehearing dismissed April 4, 1912.
58 South. 86.)

1. *Pleading; Plea; Demurrer.*—Where a plea is demurred to its allegations must be construed most strongly against the pleader, but the facts therein alleged must be construed in their most favorable aspect in behalf of the defendant.

2. *Nuisance; Action; Plea.*—Pleas as an answer to an action for injuries to land from noxious gases and fumes emanating from a fertilizer plant, which merely alleges the sale of the land to the fertilizer company by the plaintiff and the erection of the plant with the knowledge of the plaintiff are not sufficient if they do not allege that in the proper conduct of the fertilizer business, it was impossible to prevent the escape of such gases, since the seller of the land to the fertilizer company could reasonably presume that in conducting its business, it would act properly so as not to cause needless injury to the other land owned by the seller adjoining that sold to the fertilizer company.

3. *Same; Continuing Damages.*—Although a fertilizer company was maintaining a nuisance at the time plaintiff leased land in the vicinity of the plant, plaintiff would not be precluded from bringing his suit for damages caused thereby, by his knowledge of the situation, since the continuance of the nuisance is a new nuisance for which suit may be brought.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by M. C. Scott against the Bigbee Fertilizer Company for damages for maintaining a nuisance to

the injury of plaintiff's lands and crops.    Judgment for plaintiff and defendant appeals.    Affirmed.

STEINER, CRUM & WEIL, for appellant.    The court erred in sustaining demurrers to pleas 2, 3, 4, 5, 6 and 7.—*McTavish v. Carroll,* 61 Am. Dec. 353; *Coolidge v. Hager,* 5 Am. Rep. 256; *St. Anthony W. P. Co. v. Minneapolis,* 43 N. W. 56; 14 Cyc. 1166; Id. 1171; 128 N. Y. Supp. 420; *Williston on Sales,* Sec. 228-236; 3 Barb. Ch. 528; *Swain v. Seamons,* 9 Wall. 254; *Jarnigan v. Mairs,* 1 Humph. 473; 16 Cyc. 786; 140 Fed. 507; 83 N. W. 420; 23 N. Y. Supp. 708; 30 N. W. 988.    The doctrine of equitable estoppel prevents the inconsistent action here sought.—*Chaffee v. Telephone Co.,* 18 Am. St. Rep. 424; *Scharfenberg v. New Decatur,* 165 Ala. 655.

RAY RUSHTON and WILLIAM M. WILLIAMS, for appellee.    There is but one count and it is based on the theory of *"sic utere tuo, ut alienum non laedas."—Bigbee F. Co. v. Scott,* 3 Ala. App. *infra;* 25 Am. St. Rep. 595; 63 Am. St. Rep. 533; 46 Am. St. Rep. 736.    Neither plea avers facts to show that the fertilizer company had any easement on the lands on which the plaintiff's crops were grown.—*Hix v. Swift C. M. Co.,* 133 Ala. 409; *Walker v. Clifford,* 128 Ala. 67; *Gainor v. Bauer,* 144 Ala. 448; 10 A. & E. Ency. of Law, 422; Washburn Real Property, 95 and 104.    If the plant should be operated in such a manner as to damage plaintiff, plaintiff would be entitled to maintain action for the nuisance and recover the damages suffered even though plaintiff and defendant held from or under a common grantor.— *Crommelin v. Cox,* 30 Ala. 318; 14 Cyc. 1166; *N. Y. Ry. Co. v. R. R. Commissioners,* 162 Mass. 81.    In order to obtain a right under such conditions, it must be one of necessity and not of convenience.—*Walker v. Clifford, supra; Gainor v. Bauer, supra.*    Equitable estoppel is

not available in courts of law.—*McPherson v. Walters,*
16 Ala. 714; *Kelly v. Hendrick,* 57 Ala. 193; *Thompson
v. Campbell,* 57 Ala. 183; *Morgan v. Casey,* 73 Ala. 222;
*Hawkins v. Rose,* 100 Ala. 459.; *N. C. & St. L. v. Hobbs,*
120 Ala. 600. Estoppel never arises from ambiguous
acts, but there must be certainty to every intent.—*Mont-
gomery v. Gordon,* 51 Ala. 377; *Hall v. Farley,* 126 Ala.
449; *Sullivan v. L. & N.,* 128 Ala. 77; *Jones v. Peebles,*
130 Ala. 269. The conduct alleged in the pleas did not
amount to an estoppel.—*So. Ry. v. Hood,* 126 Ala. 312;
*Ins. Co. v. N. Amer. Co.,* 130 Ala. 222; *Cowan v. So. Ry.
Co.,* 118 Ala. 554; 5 Mayf. 361.

DE GRAFFENRIED, J.—It appears from the com-
plaint in this case that the plaintiff, M. C. Scott, was
during the year 1909 in possession of 35 acres of land
under a lease from the Montgomery Land & Improve-
ment Company, and that the land so in possession of
the plaintiff adjoined lands upon which the defendant,
the Bigbee Fertilizer Company, owned and operated a
fertilizer factory. The complaint further alleges that
the plaintiff during the said year planted said lands in
oats, corn, and watermelons, and that during said year
the defendant, in the operation of its fertilizer factory,
"operated and maintained acid chambers for the manu-
facture of sulphuric acid, and that during the months of
April, May, and June, 1909, the defendant, in the con-
duct of said fertilizer factory and in the manufacture
of said commercial fertilizer and in the manufacture of
said sulphuric acid, generated and liberated large quan-
tities of noxious and injurious fumes and gases from
its said fertilizer factory, and that said noxious and in-
jurious fumes and gases were of a nature highly delete-
rious and destructive to vegetation, and by reason
thereof the plaintiff's crops were damaged and killed,"

etc. The complaint sought the recovery of damages suffered by the plaintiff by reason of the nuisance so maintained, to plaintiff's injury, by the defendant.

There were a number of special pleas to which the plaintiff interposed demurrers. The action of the trial court in sustaining the demurrers to said pleas is the only matter which we are called upon to review.

Taking, as we are required to do, the allegations of the pleas to which the demurrers were sustained most strongly against the pleader, and at the same time stating the facts alleged in said pleas in their most favorable aspect on behalf of the defendant, the defense attempted to be set up by the pleas was as follows: That the defendant or those through whom it claims bought the land upon which the fertilizer factory was situated from the Montgomery Land & Improvement Company by deed with covenants of warranty as to title and possession for the purpose of erecting a fertilizer factory thereon; that the plaintiff was a stockholder and director in said Montgomery Land & Improvement Company, and not only actively participated in making the sale of the land to the defendant or those through whom it claims, but knew of the purposes for which the land was sold and approved of such purpose; that pursuant to such purpose the fertilizer plant was at large cost erected upon the said land, and had been, for several years prior to the year 1909, operated by the defendant in the same manner in which it was operated by it during the year 1909 without objection on the part of the Montgomery Land & Improvement Company, and with the knowledge of the plaintiff and without objection on his part; that with the full knowledge of all the above facts the plaintiff leased the said 35 acres of land from the Montgomery Land & Improvement Company and planted it as stated in the complaint in oats, corn, and

watermelons, during the year 1909, and that therefore, although the plaintiff suffered in his crops as claimed in the complaint, he is not, for the reasons above stated, entitled to recover.

1.   There is no allegation in the pleas setting up the above facts that, in well-regulated and properly conducted fertilizer factories, it is necessary for its managers to permit noxious gases or fumes to escape from such factories and settle down upon contiguous lands, or that by the use of appliances prepared for the purpose such gases or fumes cannot be kept under proper control.   In other words, the pleader avoided any allegation in the pleas that the injury of which the plaintiff complained in his complaint was the natural or usual result to be anticipated by the owner of lands situated near or contiguous to a fertilizer factory engaged in the manufacture of the character of fertilizers which were manufactured by the defendant.   The absence of this essential allegation from the pleas renders it unnecessary for us to discuss many of the questions presented by the briefs of counsel.   When the Montgomery Land & Improvement Company sold the land with knowledge that a fertilizer factory would be erected upon it, when that company stood by and saw the defendant, at great expense, erect its fertilizer factory and made no objection thereto, it had a right to presume that, in the conduct of its business, the defendant would conduct its business lawfully, and so conducting it that the Montgomery Land & Improvement Company would be protected from needless injury to its property.—*Weston Paper Co. v. Pope,* 155 Ind. 394, 57 N. E. 719, 56 L. R. A. 899.

2.   There is nothing in the proposition that because, when the plaintiff leased the land, the defendant was then maintaining the nuisance of which the plaintiff

complains, and because the plaintiff had knowledge of the situation, he was not entitled to recover. The continuance of a nuisance is a new nuisance, and the party injured has his right of action for the damages thereby sustained. As was said by the Supreme Court of Wisconsin: "The other ground of demurrer, that the complaint does not state a cause of action against the company, is untenable. It is said it appears from the complaint that the dam and flowage existed when the plaintiff purchased the premises, and it therefore must be presumed he purchased them subject to the easement, and has no cause of complaint. The cases of *Kutz v. McCune*, 22 Wis. 628, 99 Am. Dec. 85, and *Pomeroy v. C. & M. R. R. Co.*, 25 Wis. 641, are relied on in support of this proposition. We do not think they are in point. * * * The continuance and every use of that which is in its erection and use a nuisance is a new nuisance, for which the party injured has a remedy for his damages.—*Cobb v. Smith*, 32 Wis. 23. This action certainly lies against the defendant company, one of the owners of the dam and premises, which suffers the nuisance to continue, and derives a benefit from its continuance."—*Lohmiller v. Indian Ford Water Power Co.*, 51 Wis. 683, 8 N. W. 601. When the Montgomery Land & Improvement Company sold the land as set up in the pleas for the purpose of encouraging the erection and maintenance of a fertilizer factory thereon, it had a right, as we have already stated, to presume that its adjoining land would only be put to such servitude by the defendant as was necessary for the orderly and proper conduct of its business as a manufacturer of fertilizers. It had no right to anticipate that the defendant would not, in the conduct of its business, use all reasonable means to protect the lands adjoining its plant from unnecessary or unusual injury.—*Ala. Western R. R. Co. v.*

*Wilson,* 1 Ala. App. 306, 55 South. 932. As the pleas to which demurrers were sustained failed to aver that the nuisance complained of was the natural and customary result of the operation of a properly constructed and well managed fertilizr plant, the pleas to which the demurrers were sustained were not valid answers to the complaint, and the action of the trial court in sustaining the demurrers was free from error.

The judgment of the court below is affirmed.

Affirmed.