# Hosmer *v.* Republic I. & S. Co.

*Damages for Creating Nuisance.*

(Decided January 16, 1913. Rehearing denied February 6, 1913.
60 South. 801.)

1. *Nuisance; Action by Private Person; Peculiar Damage.*—An al-
legation that the death of plaintiff's son was caused by an issuance
of foul, unwholesome and noxious air from a pond or lake which
defendant constructed, shows damage to the plaintiff from the issue
of such airs, which is peculiar to him, not only in kind, but in degree.

2. *Same; Interest; Who May Sue; Parent and Child.*—A child
residing with his father has the same right of protection against
nuisances in the neighborhood, which are so noxious and long con-
tinued as to materially affect his health, as the father, notwith-
standing he has no legal title in the soil; and he, or his personal
representative, in case of death, can bring an action on the case for
damages, since in such an action all that is necessary is to have a
lawful habitation in the neighborhood.

Appeal from Tuscaloosa County Court.

Heard before Hon. H. B. Foster.

Action by William M. Hosmer against the Republic
Iron & Steel Company. Judgment for defendant on
demurrer, and plaintiff appeals. Reversed and re-
manded.

The facts made by the complaint are that, for a long
time previous to the grievances herein complained of,
defendant occupied and resided with his family, includ-
ing intestate, who was his son, upon a piece or parcel
of land near Greeley, in Tuscaloosa Co., Ala., and that,
after plaintiff's residence and occupation upon said
land had commenced, the agents and employees of de-
fendant, acting for it and within the scope of their em-
ployment, dammed up certain water, and thereby creat-
ed a lake or pond of water, or caused the same to be
constructed or created, such lake, near his residence,
being so close thereto as to affect his health, and the

health of his said family, and the enjoyment of his residence. It is then alleged that defendant was engaged in the development of iron and other minerals, and had caused said lake or pond to remain there for a long time, and had placed or caused to be placed in said pond various substances, which are named, and thereby caused or allowed said waters or lake to give off and out foul and unwholesome and noxious air, and caused said premises on which plaintiff resided to become unhealthy, causing plaintiff's boy to become sick, so that he died; and plaintiff alleges that said sickness was proximately caused by the wrongful act or omission or negligence of defendant as aforesaid in building, maintaining, or constructing said pond as hereinbefore said. The demurrers were that the cause of action did not survive to the personal representative, and that the damages claimed did not survive; that there was nothing to show that plaintiff's intestate was the owner of the land, or had any possessory or leasehold interest therein; that the damages claimed are purely consequential; and that no right of action was shown.

DANIEL COLLIER, for appellant. The sole point of controversy is whether the administrator, who was the father of the deceased child can maintain an action for the death of the child caused by the nuisance alleged. It is insisted by appellant that the cause of action survived and that plaintiff is entitled to maintain the suit. 25 L. R. A. (N. S.) 667; Webb Pollock on Torts, 491-494; 15 Ency. Pl. & Pr. 484; 12 U. S. 665; 85 Amer. Dec. 697; 104 Amer. St. Reps. 894.

OLIVER, VERNER & RICE, for appellee. A person not an owner of any possession in lands is without right

to maintain an action for the maintenance of a nuisance. As to what is a private nuisance see *McCalla v. L. & N. R. R. Co.,* 163 Ala. 110. The law gives no private remedy for anything but a private wrong.—2 Chitty's Blackstone 170-173; 2 Kinkead on Torts, section 656; 21 Amer. Reps. 429; 30 N. E. 235; 7 Metcalf 276. There was therefore no error in sustaining the demurrers.

SAYRE, J.—The effect of the complaint is to aver that the death of plaintiff's intestate, on account of which he sues, was caused by an issue of foul, unwholesome, and noxious air from a pond which defendant corporation constructed in the neighborhood of his residence, where intestate, his minor child, lived with him. We are not required to know how plaintiff will prove the causation alleged; but, accepting the allegation as true and provable on demurrer, there will be no question but that it shows damage peculiar to intestate, not merely in degree but in kind. The only factor of the case presented which it is conceived may possibly be effective in denial of the cause of action asserted is that plaintiff's intestate owned no legal interest or estate in the land upon which he lived. To sustain his contention that the complaint is defective in this respect, appellee quotes Blackstone's definition of nuisance as "anything done to the hurt or annoyance of the lands, tenements, or hereditaments of another." We have made approving use of that definition in several cases. On this occasion it is necessary to note that the hurt or annoyance of the definition is not necessarily a physical injury to the lands, tenements or, hereditaments, but may be an injury to the owner or possessor thereof in respect of his dealing with, possessing, or enjoying them.—Cooley on Torts (3d Ed.) 1174. At the old

14—179

common law, a declaration in a suit brought for the physical abatement of a nuisance by the writ of nuisance was required to allege a freehold estate in the premises affected, but that was because the action was a real action. One modern way of abating a nuisance is by an action on the case for damages merely, in which case the declaration need only show that the plaintiff was rightfully in possession of the premises affected.—14 Ency. Pl. & Pr. 1113. This remedy, however, is not permitted to those who suffer only in common with the public; for otherwise, in the language of Chief Justice Shaw in *Quincy Canal v. Newcomb,* 7 Metc. (Mass.) 276, 39 Am. Dec. 778, where he was speaking of a public nuisance which had not become a private nuisance by reason of special damage to the plaintiff, that "would lead to such a multiplication of suits as to be itself an intolerable evil." But that is as far as the best considered cases have gone in the policy of repressing litigation on account of wrongs done and suffered through nuisances, and, we apprehend, it is as far as the courts ought to go or will. This court, in common with all others, has held that the fact that a nuisance may have deleteriously affected the property or personal well-being of others in the neighborhood does not alleviate any material and special injury done to the plaintiff, nor merge it in the public wrong for which the public may have a remedy in one way or another.—*Richards v. Daugherty,* 133 Ala. 569, 31 South. 934. It is obvious that to maintain an action for an injury affecting the value of the freehold the plaintiff must have a legal estate. But if noxious vapors and the like cause sickness and death to one who has a lawful habitation in the neighborhood, no sufficient reason is to be found in the accepted definitions of nuisance, nor in that policy of the courts which would discour

[Hosmer v. Republic I. & S. Co.]

age vexatious litigation, nor in the inherent justice of
the situation, as we see it, why the person injured, or
his personal representative in case of death, should not
have reparation in damages for any special injury he
may have suffered, although he has no legal estate in
the soil.  Certainly a child has the right to live under
his father's roof—is a lawful occupant of his father's
home—and in our opinion he should be accorded the
same measure of protection against the construction
of nuisances in the neighborhood which are so noxious
and long-continued as to materially affect his physical
well-being.—*Ft. Worth & Rio Grande Ry. v. Glenn,* 97
Tex. 586, 80 S. W. 992, 65 L. R. A. 818, 104 Am. St.
Rep. 894, 1 Ann. Cas. 270.  In that case may be found
a discussion of most of the causes upon which appel-
lee relies, and, while they have had due consideration
by us, we have not felt obliged by duty or expediency
to repeat what was there said.  We have stated our con-
curring conclusion, and, in a general way, the reasons
upon which we proceed.  This must suffice.

The court erred in sustaining the demurrer as for
any ground assigned, and the judgment will be re-
versed.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN and SOMERVILLE,
JJ., concur.