# Jefferson Fertilizer Co. v. Rich, et al.

## Damage for Maintaining Nuisance.

(Decided May 1, 1913.   62 South. 40.)

1. *Tenants in Common; Injury to Property; Damages.*—Where the maintenance of a fertilizer plant produced offensive and noxious gases, and disagreeable and unwholesome odors, the nuisance complained of was a continuing one, and plaintiffs, being joint tenants, were entitled to recover only the damages which they jointly suffered for twelve months before the suit was brought, as such damages was the injury which occurred to them jointly in the use and enjoyment of the property of the home, and the injury done to their improvement and otherwise to the property itself.

2. *Same.*—In such a suit plaintiffs could recover only the joint damages from the same wrong and were not entitled to recover for the personal injury suffered by each on account of the alleged nuisance; "personal injury" being any condition creating annoyance and inconvenience to the individual.

3. *Same; Evidence.*—In such a suit, evidence that each plaintiff had constantly suffered in their home from disagreeable odors and unpleasant gases emitted by the fertilizer plant, was admissible on the question of joint damages suffered by them on account of such odors and gases as necessarily tended to destroy the use and comfort of their home, and also as indicating what sort of odors and gases were emitted from the fertilizer plant, and the character of suffering that such odors and gases would naturally cause to a human being.

4. *Same.*—In such an action the inconvenience and discomfort caused by such gases and vapors from the plant were elements that the jury might consider in ascertaining the tenants' joint damages.

5. *Nuisance; Damages; Evidence.*—In an action by the tenants in common against a fertilizer plant on account of noxious fumes which destroyed the garden, injured the fruit trees and created disagreeable odors in their house, evidence of such fumes and their results was admissible as bearing upon the amount of damages.

8. *Same; Measure.*—The measure of the damages in a suit for damages to plaintiff's home and premises because of the emission of noxious and disagreeable odors from the fertilizer plant was the difference in value of plaintiff's property for a home, within the period of limitations, with and without such gases and odors.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by R. D. Rich and wife against the Jefferson Fertilizer Company for damages done their joint in-

terest in their home and premises by the emission of noxious and unwholesome fumes and gases from defendant's fertilizer. plant. Judgment for plaintiffs and defendant appeals. Reversed and remanded.

ESTES, JONES & WELCH, for appellant. There was a misjoinder of parties plantiff.—15 Enc. P. & P. 541; 30 Cyc. 112-15; 1 Sutherland on Damages, secs. 134-7-8. The complaint was defective for failure to show that the damages claimed was suffered within a period of twelve months before the bringing of the suit, and it is also insisted that the husband could not recover for the physical inconveniences, annoyances and discomforts suffered by the wife. Plea 2 was also a good answer to the complaint.—*Murkeson v. Adler,* 178 Ala. 662; *Bigbee F. Co. v. Scott,* 58 South. 86. Charges 1, 2, 3 and 4 should have been given on the above authority. Charges 6 and 8 should have been given.—*Hundley v. Harrison,* 123 Ala. 297. Charge 30 should have been given.—29 Cyc. 1157, et seq. Counsel discuss the other charges in the light of the above authorities with the insistence that the same should have been given. Counsel also discuss other matters not discussed in the opinion.

THOMAS T. HUEY, and WILLIAM H. MCENIRY, for appellee. Plantiffs were tenants in common, and therefore entitled to pursue this action jointly.—*Susquehanna F. Co. v. Spangler,* 39 Atl. 270. Counsel discuss the other errors assigned, and cite the following authorities which they insist clearly demonstrate that there was no error in the trial of the cause of which appellants can justly complain.—*City of Eufaula v. Simmons,* 6 South. Rep. 47; *Birmingham Railway, Light & Power Co. v. Bruce,* 57 South. Rep. 1011; *Baranco v. Birmingham Terminal Co.,* 57 South. Rep. 434; *Birmingham South-*

*ern Railway v. Lightner,* 38 South. Rep. 363; *Wichers
v. New Orleans Acid & Fertilizer Co.,* 55 South. Rep.
657; *Roanoke Guano Co. v. Saunders,* 56 South. Rep.
198; *Bigbee Fertilizer Co. v. Scott,* 56 South. Rep. 834;
*Susquehanna Fertilizer Co. v. Malone,* 20 Atlantic 900;
*Susquehanna Fertilizer Co. v. Spangler, et ux.,* 39 At-
lantic 270; *Laird, et al. v. Atlantic Coast Sanitary Co.,*
67 Atl. 387.

DE GRAFFENRIED, J.—The plaintiffs, R. D. Rich
and Della Rich, who are husband and wife, own, as ten-
ants in common, a house and lot in the city of Bessemer,
which is now, and for many years has been, occupied
by them as a home.  After the above parties had begun
to occupy said property as a home, the defendant, the
Jefferson Fertilizer Company, bought a lot several hun-
dred yards from said home, erected a fertilizer plant
thereon, and, since said plaint was erected, has con-
tinuously manufactured fertilizers for. commercial pur-
poses there.

Mr. and Mrs. Rich maintain that, in the manufacture
of fertilizers, the defendant has constantly permitted
offensive and noxious gases, which have a deadly effect
upon plant life and a deleterious effect upon the roofs
of wooden buildings (their home seems to be of wood
and to be covered with wooden shingles), to escape into
the atmosphere; that such gases have constantly per-
meated their home, filling it with pungent, unwhole-
some, and disagreeable odors, greatly injuring the prop-
erty in its use as a home, destroying the vegetables in
its garden, killing some of the fruit trees, and render-
ing those not actually killed barren.  Say the plain-
tiffs in their complaint as amended: "Before the loca-
tion of the fertilizer factory of the defendant, the plain-
tiffs enjoyed their home with their family free from and

undisturbed by fumes or odors of any kind, and their said home was reasonably healthy and enjoyable; that since the location of defendant's said plant near their home, the defendant, in the operation and maintenance of its said plant, discharges into the air from its said plant nauseous, penetrating, irritating, and pungent odors or fumes; that defendant, in the operation of and maintaining of its said fertilizer factory, discharges into the air irritating and pungent gases, fumes, or odors; that said fumes, odors, or gases contaminate the air and pollute the atmosphere to a great distance from said plant, including the property where plaintiffs live and reside; that the plaintiffs are compelled to breathe and inhale the nauseous, pungent, penetrating, and irritating odors, fumes, or gases, and they are thereby greatly physically discomforted and inconvenienced; that they are thereby made to sneeze and cough and compelled to shut themselves within their house to avoid said fumes, gases, or odors; that said fumes, gases, or odors are deleterious to plant life and have caused plaintiffs to lose their trees, vegetables, vines, and flowers or to greatly injure the same; that said gases, fumes, or odors have greatly injured the plaintiffs' said property and depreciated value thereof."

1. As this suit was brought *jointly* by Mr. and Mrs. Rich, they were entitled to recover in this suit only *that damage* which they *jointly* suffered. The damage which they *jointly* suffered was the injury which occurred to them *jointly* in the *use* and *enjoyment* of the property as a home, in the injury which was done to their fruit trees on the property and otherwise to the property itself *during the 12 months.* next preceding the bringing of the suit. They were not entitled to recover for any damages which accrued to them jointly, in the use and enjoyment of the property as a home, or which

was done to their fruit trees or otherwise to the property itself more than 12 months before the bringing of the suit. All such damages were barred by the statute of limitations of one year. The nuisance complained of was a continuing one, and the plaintiffs were entitled to recover in this action any damages which they jointly suffered within 12 months before the suit was brought. —*Bigbee Fertilizer Co. v. Scott,* 3 Ala. App. 333, 56 South. 834; *Huss v. C. R. & B. Co.,* 66 Ala. 472.

In making out their case it was, of course, proper for the plaintiffs to introduce evidence tending to show that the noxious fumes from the defendant's plant destroyed their garden, injured their fruit trees, and created disagreeable odors on their premises and in their home during the 12 months next preceding the bringing of the suit. All the evidence was admissible as aids to the jury, if they found that the plaintiffs were entitled to recover, in ascertaining the amount of the plaintiffs' joint damages.—*Birmingham Water Works Co. v. Martini,* 2 Ala. App. 652, 56 South. 830; *Baltimore & P. R. Co. v. Fifth Baptist Church,* 108 U. S. 317, 2 Sup. Ct. 719, 27 L. Ed. 739.

2. It cannot, however, be successfully maintained that in this *joint action* the plaintiffs were entitled to recover for the *personal* injuries suffered by each on account of the alleged nuisance. Any condition which creates annoyance and inconvenience to a man in his *home* is an offense against his *person*—a *personal injury.* "A man who asphyxiates another with gas as surely commits an injury to the *person* as one who kills another with a bludgeon. One who with foul odors * * * renders a man's life unendurable in his home—who thus annoys and inconveniences him—as surely does him a personal injury as one who commits a battery upon him. Each is, in its way, a personal injury, and each necessarily is

accompanied by mental harassment."—*Birmingham Water Works Co. v. Martini, supra.* "For an assault, false imprisonment, and generally for all injuries to the person, each person injured must sue separately."— Dicey. Parties, 381. Where two or more persons suffer a joint *damage,* and each, also, a *separate* damage from the same identical tort, in a joint suit the plaintiffs can only recover the joint damage.—*Rhoads v. Booth,* 14 Iowa, 576. We are so constituted that no man can share in the *personal suffering* or *physical discomfort* of another man. Two men may, from *one* cause, suffer *alike,* but the suffering of each is personal to each. "Thus, if two persons are injured by the same stroke, the *act* is *one,* but it is the *consequence* of that *act,* and not the *act itself,* which is redressed, and therefore the injury (to the person) is several. There cannot be a joint action, because one does not share in the suffering of the other."—*Rhoads v. Booth, supra.*

3. There was evidence in this case tending to show that Mr. and Mrs. Rich, for the 12 months preceding the bringing of the suit, had *each* suffered, constantly, in their home, from disagreeable odors and unpleasant gases emitted by the defendant's plant. This evidence was admissible for the purpose of aiding the jury in ascertaining the joint damage which was suffered by Mr. and Mrs. Rich on account of such gases and odors as "necessarily tending to destroy the use of the building for the purposes for which it was erected and dedicated."—*Bal. & P. R. R. Co. v. Fifth Bap. Church, supra.*

The right to the comfortable enjoyment by the plaintiffs of their home was a joint right, and anything which tended to a material disturbance of that joint right was a joint injury. The inconvenience and discomfort caused to the plaintiffs by the gases and vapors in their

[Jefferson Fertilizer Co. v. Rich, et al.]

home, if caused by the defendant under such circumstances as to create an actionable wrong in the plaintiffs, were elements which the jury had a right to consider in estimating the plaintiffs' damages. The plaintiffs, however, in this *joint* action had no right to recover the damages for the *personal* suffering, annoyance, or inconvenience which was suffered by *each* on account of the inhalation of such noxious vapors or gases.—*Rhoads v. Booth, supra.*

In order that the purposes for which the evidence of the inconveniences and annoyances of plaintiffs (if they suffered any) from the noxious fumes and gases (if there were any) was admissible in evidence may be plainly understood, we desire to say that *this* evidence was only admissible in this *joint action* for the purpose of aiding the jury in ascertaining what the difference in value of the plaintiffs' property was, for a home, for the 12 months preceding the bringing of the suit, with said noxious vapors and odors, and what it would have been without said vapors and gases. In other words, if the defendant created the nuisance as claimed and caused foul and unpleasant odors to permeate plaintiffs' home at intervals for a year before the bringing of the suit, the character of the annoyance of each plaintiff may be shown as indicating what sort of odors and vapors were actually emitted by defendant's plant and what kind of suffering they would naturally cause a human being. With this information before them it is then for the jury to say what, in money, would represent the difference between the value of plaintiffs' property for said 12 months *as a home with* and *without* said odors and vapors. The oral charge of the trial court to the jury was not in accordance with the views above expressed, and for that reason the judgment of the court below must be reversed.

4. This case, in its facts and in the legal questions involved in it, is a simple one. It is governed, in all of its phases, by the principles announced in the following cases: *Bal. & P. R. R. Co. v. Fifth Baptist Church, supra; Bigbee Fertilizer Co. v. Scott,* 3 Ala. App. 333, 56 South. 834; *Bigbee Fertilizer Co. v. Scott,* 3 Ala. App. 385, 58 South. 86; *Birmingham Water Works Co. v. Martini, supra; Wm. M. Hosmer v. Republic Iron & Steel Co.,* 179 Ala. 415, 60 South. 801.

While the above is true, the appellant asked the trial judge to give 57 separate written charges to the jury and has placed upon this transcript 132 assignments of error. We presume that this opinion, read in connection with the authorities above cited, will furnish to the court ample precedent for its guidance upon the next trial of the case, and we deem a further discussion of this case as unnecessary.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.