# Stouts Mountain Coal & Coke Company v. Tedder.

## Damages for Creating a Nuisance.

(Decided November 7, 1914.   66 South. 619.)

1. *Evidence; Conclusion.*—Where plaintiff claimed that defendant deposited refuse in a creek which had washed down upon his property, a witness who had testified that an obnoxious odor came from the creek, could testify what produced the odor; such testimony not invading the province of the jury by substituting the opinion of the witness for that of the jury.

2. *Nuisances; Injury to Fee.*—In an action for damages for a nuisance resulting in injury to the fee, plaintiff need not prove his ownership by deed, but may prove ownership by parol testimony showing an adverse possession.

3. *Same; Instruction.*—An instruction that anything done to the hurt or annoyance of the tenements or hereditaments of another is a nuisance, states the approved definition of such nuisance, and if defendant desired to make recovery depend upon proof that the comfort or enjoyment of the property had been substantially interfered with, it was his duty to present that defense by a counter charge.

4. *Same.*—In an action for damages for creating a nuisance, an instruction which permits plaintiff to recover for any depreciation in the value of his land from the date of the creation of the nuisance is improper as allowing recovery for depreciation not flowing out of the nuisance.

6. *Trial; Taking Case from Jury.*—All inferences to be drawn from the testimony is for the jury, and the question should be submitted to them, notwithstanding the inferences are remote, so long as they are not merely speculative.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by W. H. Tedder against the Stouts Mountain Coal & Coke Company, for damages for creating a nuisance. Judgment for plaintiff and defendant appeals. Transferred from the Court of Appeals under section 6 of the Acts of 1911, p. 449. Reversed and remanded.

The case made by the complaint is: That plaintiff owns about 150 acres of land, on which he and his family reside and farm for a livelihood, and that part of the land is devoted to pasture for cattle; that through this land (through the pasture) runs Thackers creek. That defendant is engaged in operating a coal mine on or near Thackers creek from two to five miles above plaintiff's land, and in pursuit of his business has erected a number of tenant houses, stables, and outhouses, together with slaughter pens, where cattle are killed and dressed, all of which are located on the banks of or in close proximity to the creek, and that all the refuse, filth, etc., from all these various establishments

fall into or are washed into the waters of Thackers creek. That, before the establishment of defendant's mine, the creek flowed with pure and sparkling water, fine for the use of stock, and filled with fish, but that; since the defendant has permitted and allowed the filth and refuse as aforesaid to be or fall into said creek, the waters have beome offensive to the smell and poisonous to stock and fish, and the refuse, etc., is deposited on plaintiff's land, resulting in the death of some fine cows and all the fish, and rendering plaintiff's family sick and his land very much less valuable, etc.

The following charges were given for plaintiff: (1) Anything done to the hurt or annoyance of the land, tenements, or hereditaments of another is a nuisance.

(2) If you are reasonably satisfied that plaintiff is entitled to recover, and that his lands depreciated in value between June 17, 1911, and June 17, 1912, and that such depreciation is in nature permanent, you would be authorized to assess such sum as damages as you may find from the evidence said lands were depreciated and rendered less valuable.

F. E. St. John, W. W. Callahan, and S. D. Weakley, for appellant.

Brown & Griffith, for appellee.

ANDERSON, C. J.—The witness Hudman testified that an obnoxious odor came from the creek, and there was no error in permitting him to state what produced the odor or to give his opinion or best judgment as to what caused the same. This was a matter which did not require that the witness should be an expert in order to advance an opinion or conclusion. We have gone the limit in this state in condemning statements

of witnesses as to ordinary facts upon the idea that it was a substitution of the witness for the jury and of excluding opinions as to every day affairs because the witness was not an expert, and we will not extend the rule so as to render this evidence error. The opinion of this witness was not conclusive on the defendant and was not binding upon the jury, if there was evidence tending to show that the odor arose from some other cause, but we do not think that it required the opinion of a skilled chemist or medical man to tell what produced the odor.

The cross-examination of the witness Calvin Whitfield showed that his opinion as to the value of the land before and after knowing of the odors was predicated upon the market value of the land. Moreover, the court excluded all the evidence as to the value since 1912, and it is difficult to tell just what remained and whether or not it was covered by the objections interposed thereto.

Assignments 20 and 21 are without merit and are covered by the first proposition discussed.

There was no error in permitting the plaintiff to prove how long he had owned the land, and how long he had been in possession, and how long he had used the same. Even if he was suing for an injury to the fee, he was not compelled to prove his ownership by a deed.—*Sloss Co. v. McCullough,* 177 Ala. 448, 59 South. 212. It may be that the proof of ownership by parol would be error (*Tutwiler Co. v. Wheeler,* 149 Ala. 354, 43 South. 15), but if the evidence *establishes* ownership of the land, either by a paper title or by use and occupation, and claim of ownership for a sufficient length of time, the ownership is established, and as was held in the *Tutwiler case, supra,* the error in per-

mitting the plaintiff to state that he owned the land would be rendered harmless by subsequent proof showing that he did own the land, and which could be established either by showing a record title or by parol evidence showing adverse possession.

Charge 1, given for the plaintiff, seems to be the literal definition of the word "nuisance," as heretofore given by Mr. Blackstone, and which was approvingly quoted by this court in the case of *Hosmer v. Republic Co.,* 179 Ala. 415, 60 South. 801, 43 L. R. A. (N. S.) 871; 29 Cyc. p. 1152; 21 Am. & Eng. Ency. of Law, 682. It may be true that, in order for the nuisance to be actionable, the property or the enjoyment of the property must be materially or substantially interfered with.—21 Am. & Eng. Ency. of Law, 686. The trial court cannot be reversed for giving this charge, for it could have been vicious only to the extent of being misleading, and the effect of which could have been easily overcome or explained by a counter charge requested by the defendant.

The trial court erred in giving the plaintiff's charge 2. It pretermits the fact that the depreciation in the value of the land was due or attributable to the act or conduct of the defendant. It is true the charge is postulated upon the plaintiff's right to recover, and this would cover the omission in question, if the whole cause of action was founded upon a depreciation in the value of the plaintiff's land; but the complaint contains other items of damages, and if the plaintiff was entitled to recover as to any of them, under charge 2, the jury was authorized to award damages to the plaintiff for any deterioration in the value of his land during the period covered by the charge, whether the deterioration resulted from the nuisance or not. In other words,

under this charge, if the plaintiff was entitled to recover at all, the jury should assess the value of any deterioration of the plaintiff's land within the period mentioned, though it may have resulted from general financial conditions of the country or causes other than the act or conduct of the defendant in creating or maintaining the nuisance.

It may be true that the evidence was by no means positive that the sickness in the plaintiff's family or that the death of the two cows in 1911 resulted from the pollution of the stream; but the evidence afforded inferences from which the jury could infer that said pollution caused the sickness in the family and the death of the cows. It may be true that the said inferences are rather remote, but this fact merely affects its probative force, and, as long as it was a question for the jury, we cannot say that the trial court erred in refusing the general charge for the defendant as to these items.

For the error above pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, MAYFIELD and DE GRAFFENRIED, JJ., concur.