# Yolande Coal & Coke Co. v. Pierce.

## Damages for Polluting Stream.

(Decided April 13, 1915.  Rehearing denied May 11, 1915.
68 South. 563.)

1. *Nuisance; Accrual of Action.*—Injuries caused by a nuisance, rather than the acts producing it, constitute the cause of action therefor, and a cause of action does not arise until the injurious consequences have occurred.

2. *Same; Negligence.*—Negligence is not ordinarily an essential element to a cause of action for maintaining a nuisance.

3. *Same; Acts Constituting.*—Any condition creating annoyance and inconvenience to one in his home is a personal injury, and the person creating or maintaining such conditions is liable in damages.

4. *Same; Damages Recoverable.*—When caused by a nuisance, damages based on permanent injury to land from impairment of the water supply, impoverishment of the soil, resulting in depreciated value, depreciation of rental value, impairment of the right of comfortable enjoyment, damages to crops, and sickness from noxious odors and poisonous gases, are recoverable.

5. *Torts; Acts Constituting.*—The inconvenience caused by another, which imposes additional burdens on the person complaining, and necessitates extra physical exertion and inconvenience, is a personal injury for which damages are recoverable.

6. *Fish; Regulation; Statutory Provision.*—In so far as not affected by the provisions of section 6902, Code 1907, the general property in fish is in the state, and the state may regulate their capture and subsequent disposition; but the owner of the land on which a stream is situated has a special property in the fish in such stream, and may take them for his own use within the terms of the statute.

7. *Waters and Water Courses; Pollution; Liability.*—Whether the mining operations are carried on negligently or not, one may not by such mining operation, so pollute the waters of a stream as to render them unfit for domestic use by a lower proprietor, and may not render the use of the lower property as a residence less comfortable by noxious gases and disagreeable odors arriving from such pollution.

8. *Same; Evidence.*—One suing for the pollution of a stream by mining operations may show the condition of the stream, and the water therein, and that fish inhabited it before defendant began to operate the mine, and may show the condition of the stream up to the filing of the suit to show pollution by defendant.

9. *Same; Damages.*—Loss of the use of water of a stream by the pollution thereof justifies recovery of damages for depreciation in the rental value of the property affected, and for the inconvenience and annoyance occasioned by the loss.

10. *Same.*—In assessing damages much discretion is allowed to the jury in separating the damages accruing within the twelve months prior to the filing of the suit, and those suffered before that time, and a charge excluding consideration of all damages except those to the land within the year preceding the bringing of the suit is properly refused.

11. *Same; Instruction.*—Where there was evidence that deposits of waste from the mines were left in the bed of the stream on the land of plaintiff, and along the banks, and as a result, noxious odors and gases were emitted from the stream, and the water rendered unfit for domestic use, a charge that there was no evidence of a deposit on the land of the defendant of any waste matter, and that the jury could not award plaintiff special damages on that account, might be taken by the jury as meaning that damages resulting from deposits in the stream were not recoverable, and was properly refused.

12. *Pleading; Amendment; During Trial.*—An amendment to the complaint by adding a claim for an additional element of recoverable damages, may be properly allowed during the trial.

13. *Charge of Court; Directing Verdict.*—Where the evidence is conflicting, or where it justifies conflicting inferences, the issue is for the jury, and the court cannot properly direct a verdict.

APPEAL from Tuscaloosa Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by R. P. Pierce against the Yolande Coal & Coke Company for pollution of a stream. From a judgment for plaintiff, defendant appeals. Affirmed.

The substance of complaint sufficiently appears from the opinion, as do sufficient facts for a proper understanding of same. The amendment made was as follows: By adding a claim for damages because of sickness of plaintiff and because of the sickness of his family. The following charges were refused defendant:

(A) Plaintiff is not entitled to recover in this suit any substantial damages because of injury to the water for domestic purposes. He has shown no actual damages

on that account, and, if the jury should be reasonably satisfied from the evidence that defendant has polluted the water of Davis creek, they cannot award plaintiff on account of the water being rendered unfit for domestic purposes any damages beyond nominal damages; that is, one cent, one dollar, or some other nominal amount.

(B) If you believe the evidence, you cannot give plaintiff any damages on account of the loss of fish or fishing privileges.

(D) Under the evidence in this case, plaintiff is entitled to recover only nominal damages, and, if you are reasonably satisfied from the evidence that plaintiff is entitled to recover damages, then you are not authorized under the evidence to award him more than nominal damages.

(G) If the jury believe the evidence and find for plaintiff, in assessing damages the jury can only award such damages as they believe from the evidence his lands which are described in the complaint suffered during the year preceding the commencement of this suit because of the mining operation of this defendant.

(J) If you believe the evidence, you cannot give plaintiff any damages for loss of use of the water for domestic purposes.

(E) Affirmative charge to find for defendant.

(H) There is no evidence in this case of the deposit on the land of plaintiff of any refuse, waste, or poisonous matter, and the jury cannot award plaintiff any special damages on that account.

JAMES L. DAVIDSON and HENRY A. JONES, for appellant. The damages complained of were too remote and speculative.—North Ala. Ry. Co. v. Jones, 156 Ala. 360. The plaintiff, under the evidence, was entitled to no more

than nominal damages.—*Ritter v. Hoy,* 46 South. 814; *Parsons v. T. C. I. & R. R. Co.,* 64 South. 591; *L. & N. R. R. Co. v. Pearson,* 97 Ala. 211; *Sloss-Sheffield S. & I. Co. v. Mitchell,* 161 Ala. 278. It is not sufficient to show facts from which the jury may infer actual damages, but the plaintiff must go further and give the jury a money standard, or such facts as will enable them to reduce the damage to a money standard.—*B. R. L. & P. Co. v. Camp,* 161 Ala. 452; *Howard v. Taylor,* 99 Ala. 450, and authorities supra. No recovery could be had on account of damage to the fish as there was no evidence to sustain that element of damage.—*Tutwiler v. Nichols,* 145 Ala. 666; *Hamilton's Case,* 100 Ala. 252; 100 U. S. 693. The defendant was entitled to the affirmative charge upon the whole case, and on counts six and seven.—Authorities supra. Charge E should have been given as should charge J.—Authorities supra.

WRIGHT & FITE, for appellee. The counts objected to were not subject to the demurrer.—*L. & N. R. R. Co. v. Higgenbotham,* 153 Ala. 334; *Tutwiler v. Nichols,* 146 Ala. 334. The fact that they contained nonrecoverable damages did not render them subject to the demurrer.—*Southern I. & S. Co. v. Acton,* 62 South. 402. The damages were sufficiently shown, and a sufficient basis afforded for their assessment.—*Cent. of Ga. R. R. Co. v. Champion,* 53 South. 996; *Birmnigham W. W. Co. v. Martini,* 56 South. 931. It was competent to show that there were fish in the stream before pollution, and none there afterwards, and this was an item of recoverable damages.—*Tutwiler v. Nichols, supra.* Where there are conflicting inferences to be drawn from the evidence, the court cannot direct the verdict. The charges requested were misleading.

BROWN, J.—The case was tried on the sixth and seventh counts of the complaint as amended, all other counts being withdrawn before the trial was entered upon. The sixth count imputes the maintenance of the nuisance to the operation of the defendant's coal and ore washers, while the averments of the seventh count are broad enough to embrace every act done by the defendant or its servants in its mining operations that conduced to the pollution of the waters in Davis creek. It avers: "And plaintiff avers that the defendant, its agents, servants, or employees acting within the scope of their employment for the defendant, has placed or caused to be placed in said Davis creek or the tributaries thereof above said land, large quantities of waste, refuse, debris, tailings, culm, and other deleterious or poisonous matters and substances from its mines and other industries, which have been carried by the waters of said stream," etc.

In cases of damages by nuisance, the injurious consequences resulting from the nuisance, rather than acts which produce the nuisance, constitute the cause of action, and hence the cause of action does not arise until harmful consequences occur, and negligence of the defendant is not ordinarily an essential element.—*Alabama Western Ry. Co. v. Wilson,* 1 Ala. App. 306, 55 South. 932; *Sloss-Sheffield Steel & Iron Co. v. Mitchell,* 161 Ala. 278, 49 South. 851; *Sloss-Sheffield Steel & Iron Co. v. McCullough,* 177 Ala. 448, 59 South. 210; *Adler & Co. v. Pruitt,* 169 Ala. 213, 53 South. 315, 32 L. R. A. (N. S.) 889; *Hosmer v. Republic Steel & Iron Co.,* 179 Ala. 415, 60 South. 801, 43 L. R. A. (N. S.) 871; *Stout's Mountain Coal & Coke Co. v. Tedder,* 188 Ala. 572, 66 South. 619. The facts are so stated in each of these counts that the conclusion arises as a logical sequence that the harmful consequences complained of proximate-

ly resulted from the acts of the defendant in the operation of its mines, and the maintenance and use of its washers, and the demurrers to these counts were properly overruled.

The principles above announced also justify the ruling of the trial court on the demurrers to defendant's pleas 5 and 6.

The damages claimed are permanent injury to plaintiff's land, from impairment of water supply, impoverishment of the soil, resulting in depreciated value; depreciation of rental value; impairment of the right of comfortable enjoyment; damages to crop; sickness from noxious odors and poisonous gases—all of which are within the class of recoverable damages.—*Hosmer v. Republic Iron & Steel Co., supra; Birmingham Waterworks Co. v. Martini,* 2 Ala. App. 652, 56 South. 830; *North Alabama Ry. Co. v. Jones,* 156 Ala. 360, 47 South. 144; *Stout's Mountain Coal & Coke Co. v. Tedder, supra; Alabama Consolidated Coal Co. v. Vines,* 151 Ala. 398, 44 South. 377; *Atlanta & Birmingham Air Line R. Co. v. Wood,* 160 Ala. 657, 49 South. 426; *Adler v. Pruitt,* 169 Ala. 213, 53 South. 315, 32 L. R. A. (N. S.) 889; *Sloss-Sheffield Steel & Iron Co. v. Mitchell,* 161 Ala. 278, 49 South. 851; Id., 167 Ala. 226, 52 South. 69; *Central of Georgia Ry. Co. v. Champion,* 169 Ala. 622, 53 South. 996; *Town of Vernon v. Wedgeworth,* 148 Ala. 493, 42 South. 749; *Hughes v. Anderson,* 68 Ala. 280, 44 Am. Rep. 147; *Tutwiler Coal & Iron Co. v. Nicholas,* 146 Ala. 364, 39 South. 762, 119 Am. St. Rep. 34; *Drake v. Lady Ensley Coal & Coke Co.,* 102 Ala. 504, 14 South. 749, 24 L. R. A. 64, 48 Am. St. Rep. 77.

It is a matter of common knowledge that pure and wholesome water for domestic uses, and in farming operations, is a valuable asset, and its presence or absence materially affects the value of residence and farm prop-

erties, and it is the settled law in this state that such rights cannot be destroyed by a superior riparian proprietor by the pollution of the water in a stream to such extent as to render the water in the stream unfit for domestic use, and to so pollute a stream by mining operations that the waters are impure and unfit for domestic use, and from which noxious gases and disagreeable odors arise rendering property used as a residence less comfortable, gives a right of action for damages, and this is true regardless of the methods of operation, negligence in such cases not being a necessary predicate to the cause of action.—*Ala. Western Ry. Co. v. Wilson, supra; Sloss-Sheffield Steel & Iron Co. v. Mitchell, supra; Mayor and Aldermen of Birmingham v. Land,* 137 Ala. 545, 34 South. 613; *Ogletree v. McQuaggs,* 67 Ala. 580, 42 Am. Rep. 112.

Fish in the streams are recognized as a valuable asset, and it is the declared policy of the state to protect them, and regulate and control their disposition after they are taken therefrom, and for this purpose the general property in all fish, not included in the exceptions contained in section 6902 of the Code, is in the state, but the owner of the land on which the stream is situated has a special property in the fish on his property, and he is vested with certain rights for their protection, and may take them from the stream for his own use in the manner provided by law, and it is made a misdemeanor to pollute streams with poison that results in the death of the fish therein.—Code, §§ 6901-6905; *Tutwiler Coal & Iron Co. v. Nicholas,* 146 Ala. 364, 39 South. 762, 119 Am. St. Rep. 34.

It was permissible to show the condition of the water in the stream, and that fish inhabited it before the defendant began to operate, and it was also competent to show the condition of the stream and the water therein

on plaintiff's property up to the time of filing the suit, and also below and above his premises. This evidence was pertinent to the main issue as to whether the stream was polluted by the acts of the defendant.—*Gosdin v. Williams,* 151 Ala. 592, 44 South. 611; *Tutwiler Coal & Coke Co. v. Nicholas,* 146 Ala. 364, 39 South. 762, 119 Am. St. Rep. 34; *Brinkmeyer v. Bethea,* 139 Ala. 376, 35 South. 996.

By application of these principles the rulings of the trial court in the admission and exclusion of evidence are without error. The evidence offered by the plaintiff tended to show that from the use of the washers at the defendant's mines and other conditions maintained by it in its mining operations, the water in the stream running through plaintiff's premises was polluted; that refuse matter from the mines settled in the bed of the stream; that the water before its pollution was pure and fit for domestic use; and that by the pollution of the stream the water was rendered unfit for use and emitted noxious gases and disagreeable odors that rendered the use of plaintiff's property which he used as a home less comfortable; that during the 12 months immediately before the suit was filed the rental value of the property depreciated from $200 to $100; and that the market value of the property before the pollution of the stream was $15 per acre, and that it had depreciated in like proportion as the rental value; and there was some evidence that before the pollution of the stream fish inhabited the stream and after its pollution they had disappeared.

There was evidence showing, and tending to show, that plaintiff's residence was located only a short distance from Davis creek, and that before the pollution of the stream the waters in the creek were used for drinking water by the plaintiff and his family, for laundry purposes, for watering stock, and that the water in the

stream had been so polluted that it could not be used, that plaintiff had no other water supply on his property, but that he had to obtain water for all domestic purposes for which the water in the creek was formerly used from a spring which some of the evidence shows was a quarter of a mile distant from plaintiff's residence, that the place where the spring was located was not easily accessible, but was rough, that as a result of the loss of water rights plaintiff had been compelled to carry water for his stock, and his wife had to go to this spring to do her family washing, and there was some evidence tending to show that plaintiff had been made sick, and while, as said by the Supreme Court: "It may be true that the evidence was by no means positive that the sickness in the plaintiff's family  *  *  *  resulted from the pollution of the stream; but the evidence afforded inferences from which the jury could infer that such pollution caused the sickness.  *  *  *  It may be true that the said inferences are rather remote, but this fact merely affects the probative force, and as long as it was not merely speculative it was for the jury."—*Stouts Mt. C. & C. Co. v. Tedder; supra.*

"Any condition which creates annoyance and inconvenience to a man in his home is an offense against his person—a personal injury. ' *  *  *  One who with foul odors  *  *  *  renders a man's life unendurable in his home—who thus annoys and inconveniences him —as surely does him a personal injury as one who commits a battery upon him. Each is, in its way, a personal injury, and each necessarily is accompanied by mental harassment.' "—*Jefferson Fertilizer Co. v. Rich,* 182 Ala. 633, 62 South. 40; *Birmingham Waterworks Co. v. Martini, supra.*

An inconvenience caused by the wrong of another that imposes additional burdens on the person and necessi-

tates extra physical exertion and inconvenience is a personal injury.—*Vinson v. South Bend Sulphur Co.,* 188 Ala. 175, 66 South. 102.

Damages thus suffered, like mental pain and anguish, are not the subject of proof by a monetary standard and must be left to the sound judgment and discretion of the jury.

The evidence on these issues was conflicting and afforded conflicting inferences, and the ruling of the court refusing the affirmative charge and submitting the case to the jury on both counts of the complaint was without error.—*Pantaze v. West,* 7 Ala. App. 599, 61 South. 42; *Mobile, Jackson & Kansas City R. R. v. Bromberg,* 141 Ala. 283, 37 South. 395; *Smith v. Kaufman,* 100 Ala. 410, 14 South. 111.

The loss of the water by the pollution of the stream was an element affecting the depreciation of the rental value of the property, and the inconvenience and annoyance as above shown was an element of damage to consider. Therefore, to have given charges A, D, and J would have been an invasion of the province of the jury, and they were well refused for this reason.

In view of the evidence tending to show that fish inhabited the stream before the pollution of its waters with mineral substances and that the fish had disappeared therefrom, although there was evidence tending to show otherwise, charge B was well refused. It was for the jury to pass upon the conflicting tendencies in the evidence.—*Pantaze v. West, supra.*

There was evidence tending to show that deposits of refuse and waste from the mines were left in the bed of the stream on the plaintiff's lands, along the banks thereof and at the "wash place," and that as a result of such deposits injurious consequences in the way of noxious odors and gases were emitted from the stream, and

[Yolande Coal & Coke Co. v. Pierce.]

the water was rendered unfit for domestic use, and as applied to this evidence charges E and H are subject to the criticism of being misleading in tending to the conclusion that damages resulting from deposits in the stream were not recoverable.

Charge G excluded consideration of all other recoverable damages except damages to the land within the year immdiately preceding the filing of the suit, and was properly refused.—*Stout's Mountain Coal & Coke Co. v. Tedder, supra.*

In assessing damages, much latitude and discretion are allowed to the jury in the separation of damages accruing within the 12 months from those suffered before that time.—*Tutwiler Coal & Iron Co. v. Nicholas*, 146 Ala. 371, 39 South. 762, 119 Am. St. Rep. 34; *Hughes v. Hudson*, 68 Ala. 284.

After careful examination of the entire evidence, we are not able to say that the verdict was excessive, or that there was not evidence supporting the findings of the jury.—*Mayor and Aldermen of Birmingham v. Land*, 137 Ala. 538, 34 South. 613; *Birmingham Waterworks Co. v. Martini, supra; Cobb v. Malone*, 92 Ala. 630, 6 South. 738.

There was no error in the allowance of the amendment to the complaint while the trial was in progress, by adding a claim for another element of recoverable damages.—*Fields v. Karter*, 121 Ala. 330, 25 South. 800.

The record being free from error, the judgment of the court is affirmed.

Affirmed.