FORT WORTH & RIO GRANDE RAILWAY COMPANY v. JOHN GLENN.

No. 1308.  Decided May 19, 1904.

**Nuisance—Ownership of Property.**

One may have action for sickness caused by a nuisance maintained upon property adjacent to the premises where he lives, though having no interest in such premises,—such suit being distinguished from one for depreciation in the value of adjoining property, in which the plaintiff must show title.  (Pp. 588, 590.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Hood County.

*West, Chapman & West* and *Theodore Mack,* for appellant.—It is manifest that in a case of private nuisance the action is really one for the disturbance of possession. In this statement we are borne out by Fell v. Bennett, 110 Pa. St., 181, which holds that tenants in common should join in such an action. Low v. Mumford, 14 Johns., 426, holds that all cotenants must join in the action. See also 1 Chitty on Pleading, 133; Ellis v. Railway Co., 63 Mo., 136; 2 Greenl. on Ev., 470; Columbus Gas Co. v. Freeland, 12 Ohio St., 397; 1 Addison on Torts, 40; Kavanagh v. Barber, 131 N. Y., 211; Mills v. Hall, 9 Wend., 315; Francis v. Schoellkopf, 53 N. Y., 152; Wood on Nuisances, 577; Sedg. on Measure of Dam., sec. 946; Bishop on Non-Con. Law, secs. 411, 424; Lockett v. Fort Worth & R. G. Ry. Co., 78 Texas, 212; Hughes v. Auburn, 161 N. Y., 96; Texas & Pac. Ry. Co. v. Maddox, 26 Texas Civ. App., 297; Pierce v. Wagner, 29 Minn., 355; Loughren v. City of Des Moines, 34 N. W. Rep., 172; Ferguson v. Mfg. Co., 77 Iowa, 576; Randolf v. Town of Bloomfield, 77 Iowa, 50; Susquehanna Fertilizer Co. v. Malone, 20 Atl. Rep., 900 (Md.) ; 3 Suth. on Dam., sec. 1051.

*H. D. Payne,* for appellee.—One who is rightfully in possession of premises and who has a right to reside on same, has a right of action for injuries to him arising from the maintainance of a nuisance, regardless of the ownership of the property. Lockett v. Fort Worth & R. G. Ry. Co., 78 Texas, 212; Roth v. Conly, 55 S. W. Rep., 881; Garland v. Aurin, 53 S. W. Rep., 940.

GAINES, CHIEF JUSTICE.—This is a certified question from the Court of Civil Appeals of the Second District. The statement and question are as follows:

"This suit was brought by John Glenn, an infant two or three years old, by his father as next friend, Felix P. Glenn, to recover from appellant $1000 as damages for personal injuries sustained under the circumstances stated below, and resulted in a verdict and judgment in his favor for $450, from which this appeal is prosecuted by the railway company.

"Various errors have been assigned to the proceedings in the court below, but we have been unable to sustain any of the assignments. It is earnestly insisted, however, that there is a fundamental error requiring the judgment to be reversed, and as the contention is sustained by a decision of the Court of Appeals of New York, and as there are other cases pending involving the same question, in which, as in this case, our jurisdiction is final, we have been urged to certify the question to your honors, and have finally concluded that it is our duty to do so.

"The petition alleged, and the evidence tended to prove, that appellant allowed an old well on its right of way near the residence of said Felix P. Glenn, the father of appellee, to become so filthy as to create a nuisance and to make appellee sick, causing him discomfort and pain. The contents of the well, besides water, consisting, as alleged, and as

the evidence tended in some measure to prove, in burnt cotton, cotton bagging and ties, dogs, rabbits, cats, chickens and snakes. In other words, as we interpret the record, the case made was one of nuisance as defined in article 423 of our Penal Code.

"The question which we deem advisable to certify, then, is whether appellee, who was on the premises injuriously affected by the nuisance merely as a member of his father's family, without having any property right there, could maintain an action for damages on account of the sickness and discomfort resulting to him from the nuisance. In other words, whether such an action is maintainable by any person other than the owner or occupant of the premises injuriously affected; the Supreme Court of New York, in the case of Kavanaugh v. Barber, 12 N. Y. Supp., 603, having decided the question one way, and the Court of Appeals in the same case, 30 N. E. Rep., 235, having decided it the other, holding, as we understand the decision, that where the claimant has no property right to be protected from infringement, he can not maintain an action for damages caused either by a public or private nuisance, which decision, in a more recent case coming before that court, was cited with approval. In this connection see also Sedgwick on Dam., sec. 946; Bishop on Noncon. Law, secs. 411, 424; Lockett v. Ft. Worth & R. G. Ry. Co., 78 Texas, 211. We are not aware that the precise question was ever passed upon by the Supreme Court of this State."

We are of the opinion that the question should be answered in the affirmative. We do not regard the decision in the case of Lockett v. Railway Co., 78 Texas, 211, as having any bearing upon the question. In that case the plaintiff brought an action against the railroad company, in his own behalf and that of his minor children, for causing water to stand and become stagnant near his residence so as to become "hurtful to the health of himself and children and highly offensive both to sight and smell." An exception on account of the misjoinder of his children was sustained and it was agreed that the action should proceed in his own behalf without amending the petition. He was tenant of the premises upon which he resided, and it was held, that, if the facts alleged by him were true, the company was liable to him "for any injury resulting to himself  *  *  *  and the loss of the services of his minor children brought about by sickness caused by the nuisance  *  *  * and for expenses necessarily incurred on account of the sickness so caused." The right of the children to recover was therefore not involved in that decision.

The case of Kavanaugh v. Barber, 12 N. Y. Sup., 603, same case, 131 N. Y., 211, is more nearly in point. In that case the plaintiff resided with his family in a house which was the property of his wife, and brought suit against the defendant for a nuisance alleged to have been created by the latter. He claimed damages for the discomfort caused to himself and family, for sickness of his wife and children also alleged to have been caused by the nuisance, and for expenses incurred by reason thereof. In their decision the Court of Appeals of New York state

the question to be decided by them in the following language: "The question presented is whether, under the circumstances, a private action can be maintained by the husband for the discomforts caused by the offensive vapors." It would seem from this, that, notwithstanding the broad allegations in the statement of the plaintiff's cause of action, the evidence upon the trial narrowed the case to one of the mere discomfort of the plaintiff resulting from the nuisance. The opinion throughout indicates that the court did not have in mind a case where one not the owner of premises affected by a nuisance had been made sick by noxious gases and the like. Therefore the question there decided and that certified to us are quite distinguishable.

In the subsequent case of Hughes v. City of Auburn, 161 N. Y., 96, Kavanaugh v. Barber is cited with approval. In that case the plaintiff, as administratrix of the estate of her daughter, brought suit under the New York statute against the city for injuries resulting in the death of the intestate, who was her daughter. The mother was the owner of the premises where she and her daughter resided; and it was claimed that the death of the latter was caused by the negligence of the city in permitting the escape of sewage from its sewer pipes into the cellar of the house in which they made their home. It was held that the plaintiff could not recover, but, as we understand the opinion, the decision, in the main at least, rested upon the ground, that, since the maintenance of the sewer by the city was a governmental function, the city could not be held responsible for an injury to health resulting from negligence on its part with respect thereto. This decision was by a divided court.

But the question before us was distinctly decided, adversely to our views, in the case of Ellis v. Railroad, 63 Mo., 131. There a husband and his wife resided in a house which was the property of the husband. The husband having died, the wife brought suit against the railroad company, claiming that in the operation of its trains the company had killed a horse on its track and had permitted the carcass to remain upon its right of way, in front of and very near to the house occupied by the plaintiff, until by reason of its decomposition the surrounding atmosphere became so noxious and offensive as to cause her to become seriously sick. It was held that by reason of the fact that the wife was not the owner of the premises occupied by her and her husband, she had no right of action. The opinion in the case concedes that if she had a property right in the premises she might have recovered.

With due respect to the learned court that decided that case the result reached seems to us illogical. If a suit be brought for an injury to real estate caused by a nuisance it is clear that the plaintiff must show that he has some right which has been injuriously affected. If the damage be to the right of those occupying the property at the time, he must prove title, or at least a right of occupancy. If it be of such permanent character as to cause damage to an estate in reversion or remainder, the reversioner or remainderman, if he sue, must prove his title as such. But why should the owner of a house be allowed to recover damages

for being made sick by a nuisance created in the vicinity thereof, and another lawful occupant be denied a remedy for a like reason? Let us recur to the case of Ellis v. Railway Company, as an example. There the carcass of the horse was a nuisance temporary in its character, and it could hardly be held that it diminished the value of the property which belonged to the plaintiff's husband to any appreciable extent. If he had been made sick, in what respect would his damages have differed in character from those of his wife in the actual case?

In Hunt v. Gas Light Co., 8 Allen, 169, two cases for injuries to the health of plaintiffs were tried together. The plaintiffs were visitors at a house, where they were made sick by gas permitted to escape by the defendant company; and a judgment in their favor was affirmed. So in the case of Holly v. Gas Light Company, 8 Gray, 123, the suit was in behalf of a child who was made sick by the escape of gas in the house of her father. The jury decided against her either upon the question of negligence on part of the defendant company, or on account of contributory negligence on part of her father (whose negligence the court held should be imputed to her), and the verdict was sustained. But her right to sue if the company had been negligent and there had been no contributory negligence was not questioned.

It seems to us that a conflict of opinion upon this question has arisen from confusing the damage which results to property from a nuisance, with that special damage, such as sickness, which may result to an individual from a nuisance either public or private.