68 So.2d 382 (1953)
PAGE et al.
v.
NIAGARA CHEMICAL DIVISION OF FOOD MACHINERY & CHEMICAL CORP.
Supreme Court of Florida. Division A.
November 20, 1953.
*383 Dillon Hartridge and Boggs & Gibbs, Jacksonville, for appellants.
Osborne, Copp & Markham and Bedell & Bedell, Jacksonville, for appellee.
SEBRING, Justice.
The plaintiffs below have appealed from an order granting the defendant's motion to dismiss their second amended complaint.
As shown by the complaint, this is a suit instituted by 20 employees of the Atlantic Coast Line Railroad Company employed at the A.C.L. export yard in Jacksonville, Florida, to restrain the defendant from operating its plant lying adjacent to the export yard in such a manner as to cause or permit dangerous insecticide chemicals, dusts, stenches, odors and noxious gases to escape therefrom and descend upon and injure plaintiffs at their place of work.
As the basis for the relief prayed the complaint alleges, in substance, that the plaintiffs are long-time employees of the Railroad Company and by reason thereof have acquired valuable "seniority rights"; that the A.C.L. yard is a particularly desirable place to work and only employees with long service are enabled to work there; that in its plant adjacent to the railroad yard the defendant manufactures various chemicals and insecticides, the dusts of some of which when expelled into the air are dangerous, poisonous, toxic and harmful to the plaintiffs; that these conditions, although not continuous, frequently exist with the result that the dusts descend into the railroad yard at which the plaintiffs work and cause personal injury to the workmen. The prayer of the complaint is for a decree declaring that the defendant is guilty, either of maintaining a private nuisance which the plaintiffs are entitled to have abated, or of maintaining a public nuisance which causes the plaintiffs such special injury and damage as to entitle them to maintain an action for abatement and damages for personal injuries.
We think it is plain that the plaintiffs have not alleged a case entitling them *384 to an injunction on the "private-nuisance theory." As we understand their claim it is based upon the proposition that by reason of their seniority rights, which have given them the privilege of choosing as their place of employment the A.C.L. export yard, "each of said plaintiffs is a lawful occupant of said Atlantic Coast Line export yard during their working hours." We cannot accept the thesis. While the plaintiffs, as employees of the railroad company, may have a cause of action for personal injuries resulting from the operations of the defendant upon adjacent property, their assertion that they are "occupants" of the Coast Line property during working hours is not sufficient to show that they have such an interest in or relation to their employer's property as would entitle them to maintain a suit to enjoin the defendant's operation as for a private nuisance. See 39 Am.Jur., Nuisances, sec. 9; Restatement of the Law of Torts, secs. 822, 823, ch. 40, pp. 219, 220; Prosser on Torts, pp. 575, 576, 577. "The chancellor's opinion, we think, lays down the correct rule as to the character of the estate the complainant must have to entitle him to injunctive relief against a nuisance. * * * `The complainant here owns no interest in the real property affected. * * * He is a mere employee occupant at will * * *. A person must have some estate, be it ever so little, such as that of a tenant at will, or on sufferance, to be a tenant. Occupation as servant, or licensee, does not make one a tenant. Presby v. Benjamin, 169 N.Y. 377, 62 N.E. 430, 57 L.R.A. 317.'" Reber v. Illinois Cent. R. Co., 161 Miss. 885, 138 So. 574, 577.
Cases in which damages have been allowed, on whatever theory, for the injuries here complained of, do not abrogate the rule limiting injunctive relief. Compare Hosmer v. Republic Iron & Steel Co., 179 Ala. 415, 60 So. 801, 43 L.R.A.,N.S., 871; Fort Worth & R.G.R. Co. v. Glenn, 97 Tex. 586, 80 S.W. 992, 65 L.R.A. 818; 39 Am.Jur. 374, Nuisances, sec. 121. It is elementary that equity jurisdiction cannot be invoked for the award of money damages except as an incident to a cause of action for other relief of an equitable nature. Minick v. Minick Drug Co., 120 Fla. 621, 163 So. 228; Cobb v. Walker, 144 Fla. 600, 198 So. 324.
As to the right of the plaintiffs to enjoin the defendant upon the theory of the maintenance of a public nuisance, the complaint is equally deficient. To entitle private individuals to maintain actions to enjoin public nuisances, it must be shown that they have sustained special or peculiar injuries different in kind, not merely in degree, from the injury to the public at large. Brown v. Florida Chautauqua Association, 59 Fla. 447, 52 So. 802; Deering v. Martin, 95 Fla. 224, 116 So. 54; Biscayne Co. v. Martin, 95 Fla. 259, 116 So. 66. The plaintiffs have failed to make such showing. The same fumes, dust and gases which the plaintiffs allege are objectionable to them, would also affect the members of the general public in that area, the pedestrians and motorists traveling in the district, and many other employees who spend their working hours in the area. The fact that plaintiffs might be affected to a greater degree would not, under the above decisions, entitle them to injunctive relief. "A private individual may sue to abate a public nuisance where, and only where, he suffers special injury from its maintenance different from that suffered by the public generally * * * because the public wrong must be redressed at the suit of the state. * * *" Cooley on Torts, 4th Ed., vol. 3, sec. 447. "To prevent multiplicity of actions, promote justice, and secure the public tranquility, courts refuse to entertain private actions" in such cases. Woods v. Rock Hill Fertilizer Co., 102 S.C. 442, 86 S.E. 817, 819. Compare sec. 64.11 et seq., Florida Statutes 1951, F.S.A. National Container Corporation v. State ex rel. Stockton, 138 Fla. 32, 189 So. 4, 122 A.L.R. 1000.
Accordingly, the decree appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.