

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00321-CV

**HOT ROD HILL MOTOR PARK AND
ROGER DEEWAYNE BROWN,**

                                                            **Appellants**

 **v.**

**DONMICHAEL LUCAS TRIOLO,**

                                                            **Appellee**

From the 361st District Court
Brazos County, Texas
Trial Court No. 04-001812-CV-361

## OPINION

Hot Rod Hill Motor Park is a race track located on Roger Deewayne Brown's property. Donmichael Lucas Triolo sued Brown and Hot Rod Hill (hereinafter "Brown"), alleging that the track constitutes a nuisance. A jury found that the track constitutes a nuisance, and the trial court entered a final judgment permanently enjoining Brown from conducting any races of motorized vehicles for either competition or practice. Brown appealed the permanent injunction, which we affirmed. *See Hot Rod Hill Motor Park v. Triolo*, 276 S.W.3d 565 (Tex. App.—Waco 2008, no pet.).

Brown subsequently filed a motion to vacate, amend, or alter the permanent injunction on grounds that Triolo had sold his home located near the track. At the conclusion of a hearing on the motion, the trial court found that a change in circumstances had occurred, but that it was not sufficient to warrant dissolution or modification of the injunction. The trial court did not file findings of fact and conclusions of law as requested by Brown. On appeal, Brown maintains that the trial court erred by: (1) refusing to vacate the permanent injunction; (2) refusing to modify the permanent injunction; and (3) failing to file findings of fact and conclusions of law. We reverse and render.

## PERMANENT INJUNCTION

A trial court may modify or vacate a permanent injunction because of changed conditions. *See Tyler v. St. Louis Sw. Ry. Co. of Tex.*, 405 S.W.2d 330, 333 (Tex. 1966); *see also Kubala Pub. Adjusters, Inc. v. Unauthorized Practice of Law Comm.*, 133 S.W.3d 790, 794 (Tex. App.—Texarkana 2004, no pet.). "Changed conditions" include a change in the "factual situation or the controlling law." *Kubala*, 133 S.W.3d at 795. We review a trial court's ruling on a motion to modify or vacate a permanent injunction for abuse of discretion. *See Chase Manhattan Bank & Bank One, N.A. v. Bowles*, 52 S.W.3d 871, 879 (Tex. App.—Waco 2001, no pet.).

### Analysis

In issue one, Brown argues that the permanent injunction should be vacated because Triolo no longer has a property interest in any land surrounding the track, thus, he can no longer raise a nuisance claim and is no longer entitled to injunctive relief.

Triolo responds that an enforceable legal right to the affected property is not a prerequisite for asserting a nuisance claim, as a person's "interests" need only be affected.

Triolo testified that he has sold his home near the track. During the week, he resides at a home in Calvert, Texas. On approximately half the weekends each year, however, he and his family stay at his parents' residence near the track. Triolo sometimes visits during the week when his parents want to see his children. The Triolos also keep some items, such as a baby bed, at the house. Although his father pays the bills and taxes, Triolo testified that his parents' home is his permanent residence. He receives mail at this address, including his cellular telephone bill, and has listed this address on his driver's license, voter registration, vehicle registration, most recent income tax return, and his wife's voter registration.

Actionable nuisance involves an invasion of another's interests. *See City of Tyler v. Likes*, 962 S.W.2d 489, 503 (Tex. 1997). A private nuisance may be asserted by those with "property rights and privileges in respect to the use and enjoyment of the land affected, including possessors of the land." RESTATEMENT (SECOND) OF TORTS § 821E (1979). A possessor is one who is (1) in occupation of the land with intent to control it; (2) in occupation of the land with intent to control it, if no other person has subsequently occupied it with intent to control it; or (3) entitled to immediate occupation of the land, if no other person is in possession. RESTATEMENT (SECOND) OF TORTS § 328E (1965).

"Possession" is not limited to occupancy under a claim of some other interest in the land, but occupancy is a sufficient interest in itself to permit recovery for invasions of the interest in the use and enjoyment of the land. Thus members of the family of the possessor of a dwelling who occupy it along with him may properly be regarded as sharing occupancy with intent to control the land and hence as possessors, as defined in § 328E. When there is interference with their use and enjoyment of the dwelling they can therefore maintain an action for private nuisance.

RESTATEMENT (SECOND) OF TORTS § 821E cmt. d (1979); *see Ft. Worth & Rio Grande Ry. Co. v. Glenn*, 80 S.W. 992, 994 (Tex. 1904) ("If the damage be to the right of those occupying the property at the time, he must prove title, or at least a right of occupancy."); *see also New v. Khojal*, No. 04-98-00768-CV, 1999 Tex. App. LEXIS 6575, at *5 (Tex. App.—San Antonio Aug. 31, 1999, no pet.) (not designated for publication) ("[L]egal title is not a prerequisite for bringing trespass and nuisance claims;" "a plaintiff need only be a possessor of the property to have standing.").

Accordingly, an occupancy interest in land is sufficient to vest a person with the right to assert a nuisance claim. *See* RESTATEMENT (SECOND) OF TORTS § 821E cmt. d; *see also Glenn*, 80 S.W. at 994; *New*, 1999 Tex. App. LEXIS 6575, at *5. We do not, however, construe this rule to include part-time occupants. The Restatement contemplates a situation where a person occupies land with intent to *control* it, such as where family members regularly occupy a home along with the actual owner of the home. *See* RESTATEMENT (SECOND) OF TORTS § 328E; *see also* RESTATEMENT (SECOND) OF TORTS § 821E cmt. d; *Glenn*, 80 S.W. at 994. For example, in *New*, the San Antonio Court found that a man residing in his deceased mother's home could assert a nuisance claim for damage to the property. *See New*, 1999 Tex. App. LEXIS 6575, at *7. New had occupied

the home for several years, lived in the home with his girlfriend, her two children, and his grandson, paid for taxes and repairs, and believed himself to be the owner of the house after his mother died. *Id*. at *6-7.

Triolo's occupancy does not rise to the level of that contemplated by the Restatement. He does not live at his parents' home, but merely visits on some weekends. He does not pay taxes or bills associated with the property. The record does not suggest that he believes himself to be an owner of the property. Unlike *New*, Triolo is not a regular occupant of the home, but is at best a frequent visitor and; thus, fails to meet the definition of an occupant with intent to control the land. For this reason, Triolo cannot assert a nuisance claim and is no longer entitled to injunctive relief.

The trial court abused its discretion by failing to vacate the permanent injunction. We sustain issue one and need not address the remaining issues asserted by Brown. *See* TEX. R. APP. P. 47.1. We reverse the court's judgment and render judgment that the permanent injunction is vacated.

 

 

 

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Reversed and rendered
Opinion delivered and filed July 8, 2009
[CV06]