ACCEPTED
03-15-00498-CV
7196697
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/1/2015 5:28:23 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00498-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/1/2015 5:28:23 PM
JEFFREY D. KYLE
Clerk

# IN THE COURT OF APPEALS
# FOR THE THIRD DISTRICT OF TEXAS

## LONG CANYON PHASE II AND III HOMEOWNERS ASSOCIATION, INC.,

*Appellant,*

v.

## CHRIS CASHION AND LISA CASHION,

*Appellees.*

Appealed from the County Court at Law No. 2 of Travis County, Texas,
Cause No. C-1-CV-15-001016

## APPELLANT BRIEF

FRANK O. CARROLL III
TBA No. 24082785
DAWN S. HOLIDAY
TBA No. 24046090
AMY M. VANHOOSE
TBA No. 24042085
ROBERTS MARKEL WEINBERG BUTLER HAILEY PC
2800 Post Oak Blvd, 57th Floor
Houston, TX 77056
Phone: (713) 840-1666 Fax: (713) 840-9404
fcarroll@rmwbhlaw.com, dholiday@rmwbhlaw.com
avanhoose@rmwbhlaw.com

## ORAL ARGUMENT REQUESTED

## REQUEST FOR ORAL ARGUMENT

Pursuant to Appellate Procedure Rule 52.8(b)(4), Appellant respectfully requests oral argument on belief it will materially aid the Court in determination of the novel and complex legal issues presented for review.

## IDENTITIES OF PARTIES AND COUNSEL

**Appellant:**

LONG CANYON PHASE II AND III HOMEOWNERS ASSOCIATION, INC.

Frank O. Carroll III (Appellate Counsel)
Dawn Holiday (Appellate Counsel)
Amy M. VanHoose (Trial Court Counsel)
Mark B. Rabe (Trial Court Counsel)
Adam L. Robertson (Trial Court Counsel)
ROBERTS MARKEL WEINBERG BUTLER HAILEY PC
2800 Post Oak Blvd, 57th Floor
Houston, Texas 77056
(713) 840-1666 Telephone
(713) 840-9404 Facsimile

**Appellees:**

CHRIS CASHION AND LISA CASHION

William C. Davidson (Lead Counsel)
CHAMBERLAIN MCHANEY
301 Congress, 21st Floor
(512) 474-9124 Telephone
(512) 474-8582 Facsimile

# TABLE OF CONTENTS

REQUEST FOR ORAL ARGUMENT ...................................................ii

IDENTITIES OF PARTIES AND COUNSEL ..........................................iii

TABLE OF CONTENTS .................................................................iv

TABLE OF AUTHORITIES ..............................................................vi

RECORD REFERENCES ....................................................................1

STATEMENT OF THE CASE ...............................................................2

ISSUE PRESENTED ..........................................................................3

STATEMENT OF FACTS ....................................................................3

      A.    The Association and the Deed Restrictions ...................3

      B.    The Cashions Violate the Deed Restrictions ................4

      C.    The Cashions Continue Violating the Deed Restrictions ..................................................................4

      D.    The Association Sends a Letter to the Cashions Regarding Their Violations of the Deed Restrictions ...................................................................5

      E.    The Cashions Respond to the Letter ...........................5

      F.    The Cashions Sue the Association ...............................6

      G.    The Association Moves to Dismiss Under the Anti-SLAPP Statute ..........................................................7

SUMMARY OF THE ARGUMENT .......................................................7

STANDARD OF REVIEW .......................................................... 8

ARGUMENTS AND AUTHORITIES ........................................ 9

    A.    The Texas Anti-SLAPP Statute ..................................... 9

        1.    The Purpose of the Texas Anti-SLAPP Statute ... 9

        2.    The Right to Petition and the Right of Association Protected by the Texas Anti-SLAPP Statute ..... 10

        3.    Mandatory Dismissal Under the Texas Anti-SLAPP Statute ..................................................... 11

    B.    The Trial Court Erred in Failing to Dismiss the Cashion's Claims Related to the Association Sending a Pre-Suit Notice ............................................................. 12

        1.    The Cashions' lawsuit infringes on the Association's constitutional right to petition ............................................................. 16

        2.    The Cashions' lawsuit infringes on the Association's constitutional right of association ......................................................... 18

        3.    The Cashions' failed to establish, by clear and specific evidence, a prima facie case for each essential element of the claim in question ......... 20

PRAYER ................................................................................... 25

CERTIFICATE OF COMPLIANCE ....................................... 26

CERTIFICATE OF SERVICE ................................................ 26

APPENDIX ............................................................................... 27

# TABLE OF AUTHORITIES

**State Cases**

*Better Bus. Bureau of Metro. Dall. v. BH DFW, Inc.,*
    402 S.W.3d 299 (Tex. App.—Dallas 2013) .................................. 9, 21

*Hot Rod Hill Motor Park v. Triolo,*
    293 S.W.3d 788 (Tex. App.—Waco 2009) .......................................... 3

*Rehak Creative Servs. v. Witt,*
    404 S.W.3d 716 (Tex. App.—Houston [14th Dist.] 2013) ........ 8, 9, 10

*Serafine v. Blunt, 03-12-00726-CV,*
    2015 WL 3941219 (Tex. App.—Austin June 26, 2015) .............. 21, 24

*Sierra Club v. Andrews County,*
    418 S.W.3d 711 (Tex. App.—El Paso 2013) ............................. 13, 16

**State Statutes**

Tex. Civ. Prac. & Rem. Code Ann. § 27.001 *et. seq.* (West 2012) . passim

Tex. Prop. Code Ann. § 209.001 *et. seq.* (West 2012) .......................... 17

## **RECORD REFERENCES**

*Citations in this Appellant's Brief to the parties are as follows:*

Appellant Long Canyon Phase II and III Homeowners Association, Inc. will be referred to as "the Association" or "Appellant."

Appellees Chris Cashion and Lisa Cashion will be referred to as "the Cashions" or "Appellees."

*Citations in this Appellant's Brief to the record are as follows:*

CR – Clerk's Record (i.e.  CR [page]; e.g. CR 1)

RR – Reporter's Record (i.e. RR [page]; e.g. RR 1)

App. – Appendix (i.e. App. [tab]; e.g. App. 1)

# STATEMENT OF THE CASE

**Nature of the Case:** This appeal arises from claims that the Association acted outside its authority when it sent a pre-suit notice to Appellees and allegedly trespassed on their property. (CR 7–16).

**Course of Proceedings:** Appellees filed an action against five (5) former and current board members and Long Canyon for a declaratory judgment. (CR 7–16). Long Canyon filed a Motion to Dismiss Pursuant to the Texas Citizens Participation Act ("TCPA"). (CR 74–130). Claims against the individual board members were non-suited by Plaintiffs. (CR 147–48). The trial court denied the motion to dismiss. (CR 197).

**Trial Court:** County Court at Law No. 2, Travis County, Texas, Judge Eric M. Shepperd presiding; Cause No. C-1-CV-15-001016.

**Trial Court's Disposition:** The Court entered an order on July 22, 2015, denying Long Canyon's motion to dismiss. (CR 197).

## ISSUE PRESENTED

1) Did the Trial Court err when it denied the Association's Motion to Dismiss?

## STATEMENT OF FACTS

This matter grew out of deed restriction enforcement activity by the Association against the Cashions.

### A.    The Association and the Deed Restrictions.

Long Canyon Subdivision is a deed restricted community located in Austin, Texas. CR 99. All property in Long Canyon is subject to restrictive covenants contained in the Declaration of Covenants, Conditions, and Restrictions for Long Canyon Section III (the "Declaration"). *Id.* The Declaration designates the Association as the homeowners association for Long Canyon. CR 98. Section 1.07 of the Declaration defines the "Drainage Easement" as the areas designated on the Plat as a Drainage Easement and shall include any creeks, streams, sedimentation basins or bar ditches therein designated or constructed." CR 98. Section 4.02 gives the Architectural Control Committee ("ACC") the right to approve the removal/addition of trees, shrubs, hedges, groundcover, and all other landscaping. CR 103. Section 9.04 of the Declaration states "Each Owner covenants not to disturb or

3

displace any trees or other vegetation within the drainage easements as defined in this Declaration and shown on the Plat," and that "there shall be no development, Improvements or Structures, temporary or permanent in any drainage easements except as approved in writing by the ACC or the Association, as the situation requires." CR 122.

## B. The Cashions Violate the Deed Restrictions.

The Cashions are the owners of 5920 Standing Rock (the "Property"). CR 9. Problems began when the Cashions started clearing trees and vegetation in the drainage easement, located across the back end of the Property. CR 88. The Association tried to work with the Cashions to have the drainage easement returned to its original state, but no agreement could be reached. *Id.*

## C. The Cashions Continue Violating the Deed Restrictions.

In May 2013, the Cashions again cut down a large tree which would have required ACC approval before removing. CR 125–26. The Cashions argued that the tree was dead and they didn't think they had to get approval to remove a dead tree. *Id.*

**D. The Association Sends a Letter to the Cashions Regarding Their Violations of the Deed Restrictions.**

On December 18, 2014, the Association, through its counsel Brad Rockwell, sent a pre-suit notice to the Cashions advising of the Association's intent to file suit against the Cashions. CR 127–28. The Association alleged that the Cashions had, over the course of the last two years, extended their landscaped back yard into the drainage easement, mowed the easement, and taken other actions that constituted clearing of the easement. *Id.* The pre-suit notice alleged that the Association had previously sent the Cashions notice of some of these violations. *Id.* The Association indicated that they were going to fine the Cashions $8,000 and seek $10,000 in damages or specific performance of repairing the easement. *Id.*

**E. The Cashions Respond to the Letter.**

On December 23, 2014, the Cashions, through their counsel Bill Davidson, responded to the Association's pre-suit notice. CR 129–30. The Cashions alleged that the Association's claims go back to a 2009 lawsuit and the only issue since then was the 2013 removal of a dead tree. *Id.* The Cashions asked for copies of the Association's notices and a list of the violations. *Id.* The Cashions also alleged that the

Association spies on their Property, has trespassed on the Property, and took pictures of the Cashion property without permission. *Id.* Importantly, the response from the Cashions stated:

> If the HOA elects to files suit making any of the allegations claimed in your letter, Mr. and Mrs. Cashion will file a counter-claim seeking damages for harassment, violation of the rules and regulations, DCCR, and authority of the Board of the HOA, and join each member of the Board in the lawsuit for acting beyond the scope of their authority. Mr. and Mrs. Cashion will also seek an injunction against further harassment by the HOA and its board of directors and costs and attorney's fees. CR 130.

## E.    The Cashions Sue the Association.

The Cashions filed suit on February 4, 2015, against the Association, as well as present and past Board Members. CR 7–16. The Cashions seek damages for negligence and intentional infliction of emotional distress. *Id.* The Cashions also seek judicial declarations that the Association exceeded its enforcement authority, that the Cashions' landscaping in their backyard does not violate the Declaration, that the Association acted outside its scope of authority, and that the Association's actions were made in bad faith and ultra vires. *Id.* The Cashions also seek an injunction barring further bad faith and ultra vires acts by the Association. *Id.*

6

**F.    The Association Moves to Dismiss Under the Anti-SLAPP Statute.**

After filing suit against current and former board members and the Association, the Cashions non-suited the board members, leaving the Association as the only remaining Defendant. CR 147–48. The Association filed a Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code, known as "The Texas Citizens Participation Act" or the "Anti-SLAPP Statute." CR 74–130. The trial court denied the motion to dismiss, and this appeal followed. CR 197.

## SUMMARY OF THE ARGUMENT

The Texas Citizens Participation Act ("TCPA"), codified in Tex. Civ. Prac. & Rem. Code § 27.001, *et seq.*, was enacted to protect constitutional rights, including the right to petition and the right of association.

The Cashions are infringing upon the Association's constitutional right to petition by filing this lawsuit. This lawsuit is based on the Association sending the Cashions a pre-suit notice required by Section 209.006 of the Texas Property Code ("209 Letter"). Section 209.006 states that a property owners' association, such as the Association, cannot file a lawsuit against a member until a Section 209.006 pre-suit

notice is sent. Because Section 209.006 required the Association to send the pre-suit notice before filing a lawsuit, and because the Cashions are claiming the Association is liable for sending that pre-suit notice, this lawsuit is an attempt to prevent the Association from following necessary procedures in exercising its constitutional right to petition.

The Cashions have also infringed upon the Association's constitutional right of association. The Association is a collective group that has the common interest of preserving and protecting certain drainage easements, including the one across the back of the Property. The Association's pre-suit notice exercised its right to express, promote, pursue, and defend this common interest. By filing this lawsuit, the Cashions are attempting to prevent the Association from furthering their common interest. By doing so, the Cashions are infringing on the Association's right of association. For these reasons, the trial court should be reversed.

## STANDARD OF REVIEW

On a motion to dismiss brought pursuant to Chapter 27 of the Texas Civil Practices and Remedies Code, the court reviews the trial court's decision de novo. *Rehak Creative Services, Inc. v. Witt*, 404

8

S.W.3d 716, 726 (Tex. App.—Houston [14th Dist.] 2013), *review denied* (Sept. 6, 2013).

## ARGUMENTS & AUTHORITIES

### A.    The Texas Anti-SLAPP Statute.

This appeal focuses on the "Texas Citizens Participation Act," which is codified in Chapter 27 of the Civil Practices and Remedies Code under the heading "Actions Involving the Exercise of Certain Constitutional Rights." *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011 (Vernon 2012). This statute is an anti-SLAPP law, which is an acronym for "Strategic Lawsuits Against Public Participation." *See Rehak Creative Servs. Inc. v. Witt,* 404 S.W.3d 716, 719 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

### 1.    *The Purpose of the Texas Anti-SLAPP Statute.*

The purpose of the TCPA is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002 and *Better Bus. Bureau of Metro. Dallas, Inc.*

9

*v. BH DFW, INC.,* 402 S.W.3d 299, 305–06 (Tex. App.—Dallas 2013), *reh'g overruled* (June 12, 2013), *review denied* (Jan. 17, 2014). It does so by establishing a mechanism for early dismissal of lawsuits that threaten the right of free speech, the right to petition, or the right of association. *Rehak Creative Servs. Inc. v. Witt,* 404 S.W.3d 716, 719 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). The statute is to be "construed liberally to effectuate its purpose and intent fully." Tex. Civ. Prac. & Rem. Code Ann. § 27.011(a).

### 2. *The Right to Petition and the Right of Association Protected by the Texas Anti-SLAPP Statute.*

The TCPA provides a means for a defendant, early in the course of a lawsuit, to seek dismissal of certain claims identified in the Act, including a legal action based on, relating to, or in response to a party's exercise of the right to petition or the right of association. *Id.* § 27.001(4) and § 27.001(2).

An "exercise of the right of petition" is broadly defined under the TCPA as:

10

- a communication in or pertaining to a judicial proceeding;
- *a communication that is reasonably likely to encourage consideration or review of an issue by a judicial body*;
- a communication reasonably likely to enlist public participation in an effort to effect consideration of an issue by a judicial body; or
- any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state.

*Id.* § 27.001(4)(A) (emphasis added).

An "exercise of the right of association" is broadly defined under the TCPA as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." Id. § 27.001(2). A "communication" is defined under the TCPA as "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* §27.001(1).

### 3. *Mandatory Dismissal Under the Texas Anti-SLAPP Statute.*

Under the TCPA, the trial court must dismiss the action if the moving party shows, by a preponderance of the evidence, that the legal action is based on, relates to, or is in response to the party's exercise of the right of free speech, the right to petition, or the right of association, and the party bringing the legal action fails to establish by clear and

11

specific evidence a prima facie case for each essential element of the claim in question. *Id.* § 27.005(b)–(c).

Furthermore, the trial court must dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim. *Id.* § 27.005(d).

In determining whether a legal action should be dismissed under the TCPA, "the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a).

## B. The Trial Court Erred in Failing to Dismiss the Cashion's Claims Related to the Association Sending a Pre-Suit Notice.

There was little dispute in the trial court, and no dispute under the law, that sending a pre-suit notice is "a communication that is reasonably likely to encourage consideration or review of an issue by a judicial body." *Id.* § 27.001(4)(A). Accordingly, the question before the court, and the standard on appeal, is whether sending the pre-suit notice "is the specific conduct complained of, from which all the other allegations of wrongdoing emanate and around which they revolve

12

. . . the act that led to Appellees' claims." *Sierra Club v. Andrews County,* 418 S.W.3d 711, 717 (Tex. App.—El Paso 2013), review granted, judgment rev'd on other grounds, 463 S.W.3d 867 (Tex. 2015). The answer is yes.

In the letter responding to the Association's pre-suit notice, counsel for the Cashions stated:

> If the HOA elects to files suit making any of the allegations claimed in your letter, Mr. and Mrs. Cashion will file a counter-claim seeking damages for harassment, violation of the rules and regulations, DCCR and authority of the Board of the HOA, and join each member of the Board in the lawsuit for acting beyond the scope of their authority. Mr. and Mrs. Cashion will also seek an injunction against further harassment by the HOA and its board of directors and costs and attorney's fees. CR 130.

To further support the position of the Appellant that the pre-suit notice "is the specific conduct complained of, from which all the other allegations of wrongdoing emanate and around which they revolve . . . the act that led to Appellees' claims," one need look no further than the Cashions' petition.

The petition is a mere ten pages long, including a case style, signature block, and verification page. CR 7–16. After three pages of

prefatory information on the parties, the petition contains a four paragraph "facts" section:

- The first "fact" paragraph involves only background information on the Property and the Association. CR 9–10.

- The second "fact" paragraph begins "[o]n or about December 24, 2014 (Christmas Eve) the Cashions received a letter from Long Canyon at their residence in Travis County . . ." CR 10.

- The third "fact" paragraph states "[t]he letter includes false and unsupported claim (sic) that "during the past two years you (the Cashions) have unlawfully damaged this drainage easement and expanded your landscaped law (sic) into the easement." CR 10.

- The fourth (and last) "fact" paragraph discusses an alleged "pattern of harassment" including "monitor[ing] visitors," "watch[ing] whenever someone comes to work in the yard," mak[ing] their presence known," "trespass[ing] on the Cashion's (sic) property," and tak[ing] pictures of the Cashion's (sic) property without their consent." CR 10.

After the "facts" section, the petition contains a one-page, five-paragraph "causes of action" section:

- The first "causes of action" paragraph "incorporates by reference the factual allegations contained in paragraphs 13–16." CR 11.

- The second "causes of action" paragraph states "Long Canyon and the Board have a duty to supervise all officers, agents and employees of Long Canyon and to

14

see that their duties are being properly preformed. Long Canyon and the Board breached that duty by allowing individual Board members to harass the Cashions over matters that are not permitted under the Declaration, ACC rules and HOA by-laws." CR 11.

- The third "causes of action" paragraph states "Long Canyon and the Board acting in bad faith, intentionally communicated through authorizing its attorney to write in a coarse and offensive manner, a letter addressed to the Cashions and by such action, Long Canyon and the Board intentionally annoyed and alarmed the Cashions on Christmas Eve." CR 11.

- The fourth "causes of action" paragraph states "[i]n the alternative, Long Canyon and the Board, acted with intent to cause emotional distress to the Cashions. By targeting the Cashions, the defendants conduct was extreme and outrageous. The actions of the defendants caused the Cashions emotional distress. The emotional distress suffered by the Cashions was severe." CR 11.

- The fifth "causes of action" paragraph states "[t]he Cashions seek damages within the jurisdictional limits of this court." CR 11.

Analyzing the petition, half of the factual allegations relate to the Association sending the pre-suit notice. CR 10. These "facts" are then use to support one full "cause of action" for the "bad faith and intentional . . . annoy[ance] and alarm [to the] Cashions on Christmas Eve." CR 11. The remaining "causes of action" use the three substantive "fact" paragraphs, two of which involve the Association's pre-suit notice,

15

to support the remaining allegations of negligence, intentional infliction of emotional distress, trespass, and perhaps, though not artfully pled, private nuisance. CR 11.

From a review of the petition, the Association sending the pre-suit notice "is the specific conduct complained of, from which all the other allegations of wrongdoing emanate and around which they revolve . . . the act that led to Appellees' claims." *Sierra Club v. Andrews County,* 418 S.W.3d 711, 717 (Tex. App.—El Paso 2013), review granted, judgment rev'd on other grounds, 463 S.W.3d 867 (Tex. 2015). Accordingly, the Cashions' lawsuit violated two important constitutional rights of the Association.

### 1. *The Cashions' lawsuit infringes on the Association's constitutional right to petition.*

The Cashions' lawsuit should be dismissed because all the claims are based on, related to, or in response to the Association's exercise of their right to petition. Under the TCPA, a defendant exercises its right to petition when it makes a communication pertaining to a judicial proceeding. *Id.* at §27.001(4). A communication includes the making or submitting of a statement or document in any form or medium, including written.

16

In the Cashions' Original Petition, the Cashions claim that the Association is liable for negligence, bad faith, intentional infliction of emotional distress, declaratory judgment, and an injunction because the Association sent the Cashions the 209 Letter informing the Cashions' that they were in violation of the Declaration for harming a protected drainage easement, and if they did not cure the violation, the Association would seek relief in a judicial proceeding. CR 7–16. In construing the TCPA liberally, the Cashions' claims fall within the scope of the TCPA because they are based on, related to, or in response to a communication made by the Association in exercising its right to petition. Tex. Civ. Prac. & Rem. Code § 27.001(4).

Under Section 209.006 of the Texas Property Code, before a property owners' association is allowed to file a lawsuit (i.e. judicial proceeding) or levy a fine against a homeowner, the property owners' association must first give written notice to the homeowner. Tex. Prop. Code § 209.006(a). For a property owners' association, a pre-suit notice pursuant to Section 209.006 is the first required step in seeking relief through a judicial proceeding. Therefore, when the Association—a property owners' association—mailed the 209 Letter to the Cashions, it

17

was simply attempting to comply with Section 209.006 in order to obtain relief in a judicial proceeding. By its fundamental nature, the 209 Letter is communication pertaining to a judicial proceeding and is protected under the TCPA.

Deed restriction violation lawsuits—if not most lawsuits—are rarely filed without some form of prior written efforts by the parties to attempt to resolve the litigation before it is filed. Indeed, in Texas, a deed restriction violation suit requires pre-suit notification of the violation to the homeowner. The Cashions argue that pre-suit efforts to resolve a legal dispute before actually filing the lawsuit should not be protected under the TCPA. This would defeat the purpose of the broad protection of the TCPA and is contrary to the language of the Act. For these reasons, pursuant to the TCPA, the Cashions' lawsuit should be dismissed and the trial court should be reversed.

### 2. *The Cashions' lawsuit infringes on the Association's constitutional right of association.*

The Cashions' legal action should be dismissed because it is based on, related to, or in response to the Association exercising its right of association. Under the TCPA, a defendant exercises its right of association when it communicates with individuals that are joined

18

together to collectively express, promote, pursue, or defend common interests. Tex. Civ. Prac. & Rem. Code § 27.001(2). A "communication" includes submitting a written statement or document, such as a pre-suit notice. *Id.* at § 27.001(1).

The Cashions claim that the Association is liable for negligence, bad faith, intentional infliction of emotional distress, declaratory judgment, and an injunction because the Association sent the Cashions a pre-suit notice asking the Cashions to cure damages they caused to the environmentally sensitive drainage easement abutting the Cashions' backyard.

To exercise the right of association is to: (1) send a communication; (2) between individuals; (3) who are joined together; (4) to collectively express, promote, pursue, or defend common interests. *Id.* at § 27.001(2). First, it is undisputed that the 209 Letter is a "communication" as defined under the TCPA. The 209 Letter was a document submitted in written form. *Id.* at §27.001(1). Second, the 209 Letter was sent between individuals; the Association and the Cashions. Third, the Cashions and the Association were joined together. Fourth, the Association was formed to collectively express, promote, pursue, or

19

defend various common interests of the Association. One of those interests was protecting drainage easements, as expressly stated in the Declaration.

Therefore, when the 209 Letter was sent to the Cashions, it was sent to individuals who were joined together to express, promote, pursue, and defend the preservation of the drainage easement, and the pre-suit notice was sent regarding the expression, promotion, pursuit, and defense of the drainage easement. That is why this lawsuit, in response to the 209 Letter, is an attempt to prevent the Association from exercising its right of association. For these reasons, pursuant to the TCPA, the Cashions' lawsuit should be dismissed and the trial court should be reversed.

### 3. *The Cashions failed to establish, by clear and specific evidence, a prima facie case for each essential element of the claim in question.*

Because the Cashions' legal action is based on, relates to, or is in response to the Association's right to petition and the right of association, the burden shifts to the Cashions to establish, by clear and specific evidence, a prima facie case for each essential element of the claim in question. *Id.* § 27.005(b)–(c). "Conclusory statements are not

20

probative and accordingly will not suffice to establish a prima facie case." *Serafine v. Blunt*, 03-12-00726-CV, 2015 WL 3941219, at \*3 (Tex. App.—Austin June 26, 2015, no pet.) (citing *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.,* 441 S.W.3d 345, 355 (Tex. App.—Houston [1st Dist.] 2013, pet. denied; *Lipsky II,* 460 S.W.3d at 592 (explaining that "bare, baseless opinions" are not "a sufficient substitute for the clear and specific evidence required to establish a prima facie case" under the Act)). The Cashions did not meet this burden.

The petition contains a one-page, five-paragraph "causes of action" section:

- The first "causes of action" paragraph "incorporates by reference the factual allegations contained in paragraphs 13–16." CR 11.

- The second "causes of action" paragraph states "Long Canyon and the Board have a duty to supervise all officers, agents and employees of Long Canyon and to see that their duties are being properly preformed. Long Canyon and the Board breached that duty by allowing individual Board members to harass the Cashions over matters that are not permitted under the Declaration, ACC rules and HOA by-laws." CR 11.

- The third "causes of action" paragraph states "Long Canyon and the Board acting in bad faith, intentionally communicated through authorizing its attorney to

21

write in a coarse and offensive manner, a letter addressed to the Cashions and by such action, Long Canyon and the Board intentionally annoyed and alarmed the Cashions on Christmas Eve." CR 11.

- The fourth "causes of action" paragraph states "[i]n the alternative, Long Canyon and the Board, acted with intent to cause emotional distress to the Cashions. By targeting the Cashions, the defendants conduct was extreme and outrageous. The actions of the defendants caused the Cashions emotional distress. The emotional distress suffered by the Cashions was severe." CR 11.

- The fifth "causes of action" paragraph states "[t]he Cashions seek damages within the jurisdictional limits of this court." CR 11.

The first "cause of action" (second paragraph) was non-suited and is not at issue. CR 147–148.

The second "cause of action" (third paragraph) states "Long Canyon and the Board acting in bad faith, intentionally communicated through authorizing its attorney to write in a coarse and offensive manner, a letter addressed to the Cashions and by such action, Long Canyon and the Board intentionally annoyed and alarmed the Cashions on Christmas Eve." CR 11. This purports to be a cause of action for "bad faith."

Appellant has found no authority supporting a cause of action for "bad faith" against a homeowner's association, and further, no authority

that a homeowner's association owes a common-law duty of "good faith a fair dealing."

If this paragraph is instead construed as an action for private nuisance, the Cashions failed to establish the conduct complained of affected "property rights and privileges in respect to the use and enjoyment of the land . . ." *Hot Rod Hill Motor Park v. Triolo*, 293 S.W.3d 788, 790 (Tex. App.—Waco 2009, pet. denied). The Cashions further failed to show that the alleged "annoy[ance] and alarm[ ]" were a result of "a deprivation of enjoyment of real property." *Id.* Further, this "cause of action" contains the conclusory statement that the Association "intentionally annoyed and alarmed the Cashions."

The third "cause of action" (fourth paragraph) states "[i]n the alternative, Long Canyon and the Board, acted with intent to cause emotional distress to the Cashions. By targeting the Cashions, the defendants conduct was extreme and outrageous. The actions of the defendants caused the Cashions emotional distress. The emotional distress suffered by the Cashions was severe." CR 11.

This "cause of action" is rife with conclusory statements. "Conclusory statements are not probative and accordingly will not

23

suffice to establish a prima facie case." *Serafine v. Blunt*, 03-12-00726-CV, 2015 WL 3941219, at *3 (Tex. App.—Austin June 26, 2015, no pet.). Specifically, the "cause of action" paragraph for intentional infliction of emotional distress states:

- Long Canyon and the Board, acted with intent to cause emotional distress to the Cashions;

- The defendants conduct was extreme and outrageous;

- The emotional distress suffered by the Cashions was severe.

CR 11. These conclusory statements are insufficient as a matter of law to establish the requisite prima facie case. For these reasons, pursuant to the TCPA, the Cashions' lawsuit should be dismissed and the trial court should be reversed.

# PRAYER

For these reasons, and all the reasons set forth above, the Trial Court's Order Denying the Association's Motion to Dismiss Pursuant to the Texas Citizens Participation Act should be reversed. Accordingly, Long Canyon Phase II and III Homeowners Association, Inc. requests this Court reverse the judgment of the Trial Court, and for such other and further relief to which Appellant may be entitled.

Respectfully submitted,
ROBERTS MARKEL WEINBERG
BUTLER HAILEY PC

*/s/ Frank O. Carroll III*

_____
FRANK O. CARROLL III
TBA No. 24082785
DAWN S. HOLIDAY
TBA No. 24046090
AMY M. VANHOOSE
TBA No. 24042085
2800 Post Oak Blvd, 57th Floor
Houston, TX 77056
(713) 840-1666
Fax: (713) 840-9404
fcarroll@rmwbhlaw.com
dholiday@rmwbhlaw.com
avanhoose@rmwbhlaw.com
ATTORNEYS FOR APPELLANT,
LONG CANYON PHASE II AND III
HOMEOWNERS ASSOCIATION, INC.

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 i(3) of the Texas Rules of Appellate Procedure, I certify that the word count in this *Appellant's Brief* is 4,361 words.

*/s/ Frank O. Carroll III*

FRANK O. CARROLL III

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by facsimile, messenger, regular U.S. Mail, certified mail, return receipt requested and/or electronic service in accordance with the Texas Rules of Appellate Procedure on this the 1st day of October, 2015.

William C. Davidson
bdavidson@chmc-law.com
CHAMBERLAIN MCHANEY
301 Congress, 21st Floor
(512) 474-9124 Telephone
(512) 474-8582 Facsimile
ATTORNEY FOR APPELLEES

*/s/ Frank O. Carroll III*

FRANK O. CARROLL III

# **APPENDIX**

TAB 1:    Tex. Civ. Prac. & Rem. Code Ann. § 27.001 *et. seq.* (West 2012)

TAB 2:    Tex. Prop. Code Ann. § 209.001 *et. seq.* (West 2012)

TAB 3:    Trial Court Order Denying Motion to Dismiss

# TAB 1

T.C.P.R.C. § 27.001 *et. seq.*

This document is current through the 2015 regular session, 84th Legislature, S.B. 45, S.B. 293 (ch. 2), S.B. 415(ch. 15), S.B. 459, S.B. 529 (ch. 37), S.B. 835 (ch. 6), S.B. 901 (ch. 54), S.B. 903 (ch. 3), S.B. 1749 (ch. 29), and S.B. 1985 (ch. 4).

**Texas Statutes & Codes Annotated by LexisNexis®** > Civil Practice and Remedies Code > **Title 2 Trial, Judgment, and Appeal** > **Subtitle B Trial Matters** > **Chapter 27 Actions Involving the Exercise of Certain Constitutional Rights**

## Sec. 27.001. Definitions.

In this chapter:

**(1)** "Communication" includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic.

**(2)** "Exercise of the right of association" means a communication between individuals who join together to collectively express, promote, pursue, or defend common interests.

**(3)** "Exercise of the right of free speech" means a communication made in connection with a matter of public concern.

**(4)** "Exercise of the right to petition" means any of the following:

**(A)** a communication in or pertaining to:

**(i)** a judicial proceeding;

**(ii)** an official proceeding, other than a judicial proceeding, to administer the law;

**(iii)** an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government;

**(iv)** a legislative proceeding, including a proceeding of a legislative committee;

**(v)** a proceeding before an entity that requires by rule that public notice be given before proceedings of that entity;

**(vi)** a proceeding in or before a managing board of an educational or eleemosynary institution supported directly or indirectly from public revenue;

**(vii)** a proceeding of the governing body of any political subdivision of this state;

**(viii)** a report of or debate and statements made in a proceeding described by Subparagraph (iii), (iv), (v), (vi), or (vii); or

**(ix)** a public meeting dealing with a public purpose, including statements and discussions at the meeting or other matters of public concern occurring at the meeting;

**(B)** a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

**(C)** a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

**(D)** a communication reasonably likely to enlist public participation in an effort to effect consideration of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding; and

**(E)** any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state.

**(5)** "Governmental proceeding" means a proceeding, other than a judicial proceeding, by an officer, official, or body of this state or a political subdivision of this state, including a board or commission, or by an officer, official, or body of the federal government.

**(6)** "Legal action" means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief.

**(7)** "Matter of public concern" includes an issue related to:

**(A)** health or safety;

**(B)** environmental, economic, or community well-being;

**(C)** the government;

**(D)** a public official or public figure; or

**(E)** a good, product, or service in the marketplace.

**(8)** "Official proceeding" means any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant.

**(9)** "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if the person has not yet qualified for office or assumed the person's duties:

**(A)** an officer, employee, or agent of government;

**(B)** a juror;

**(C)** an arbitrator, referee, or other person who is authorized by law or private written agreement to hear or determine a cause or controversy;

**(D)** an attorney or notary public when participating in the performance of a governmental function; or

**(E)** a person who is performing a governmental function under a claim of right but is not legally qualified to do so.

## History

Enacted by Acts 2011, 82nd Leg., ch. 341 (H.B. 2973), § 2, effective June 17, 2011.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2015 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

# TAB 2

Tex. Prop. Code § 209.001 *et. seq.*

# Tex. Prop. Code § 209.001

This document is current through the 2015 regular session, 84th Legislature, S.B. 45, S.B. 293 (ch. 2), S.B. 415(ch. 15), S.B. 459, S.B. 529 (ch. 37), S.B. 835 (ch. 6), S.B. 901 (ch. 54), S.B. 903 (ch. 3), S.B. 1749 (ch. 29), and S.B. 1985 (ch. 4).

**Texas Statutes & Codes Annotated by LexisNexis®  > Property Code  > Title 11 Restrictive Covenants  > Chapter 209 Texas Residential Property Owners Protection Act**

## Sec. 209.001. Short Title.

This chapter may be cited as the Texas Residential Property Owners Protection Act.

## History

Enacted by Acts 2001, 77th Leg., ch. 926 (S.B. 507), §  1, effective January 1, 2002.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2015 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

# TAB 3
Trial Court Order

CAUSE NO. C-1-CV-15-001016

| | | |
|---|---|---|
| CHRIS CASHION and | § | COUNTY COURT AT LAW |
| LISA CASHION | § | |
|     Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| LONG CANYON PHASE II and III | § | NO. 2 |
| HOMEOWNERS ASSN., INC., | § | |
| ARTHUR GRAF, DENNIS HAMILL, | § | |
| WALTER HOLLAND, CHRIS JESSEE, | § | |
| ROBERT KIRKPATRICK, JOHN | § | |
| MORRIS, and PETER TORGRIMSON | § | |
|     Defendants. | § | |
| | § | TRAVIS COUNTY, TEXAS |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE TEXAS CITIZENS PARTICIPATION ACT

On this the 16th day of July, 2015 the Defendants, Long Canyon Phase II and III

Homeowners Assn., Inc., Arthur Graf, Dennis Hamill, Walter Holland, Chris Jessee, Robert

Kirkpatrick, John Morris and Peter Torgrimson's Motion to dismiss all of Plaintiffs' claims

asserted in the above numbered and styled cause based on the Texas Citizen's Participation Act

(Tex. Civ. Practice and Pro. §27.001 et seq) was heard by the Court. All parties were

represented by counsel and presented the Motion to the Court. After considering the pleadings

on file with the Court, the affidavits and other evidence admitted by the Court and the argument

of counsel the Court is of the opinion that the Motion should be DENIED.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Pursuant to the

Texas Citizens Participation Act is DENIED.

Signed this the 22 day of July , 2015.

_____
Judge Presiding

ERIC M. SHEPPERD